By the Court.

It has been objected to the plaintiff’s right to recover in this action, that he was not entitled to receive any portion of the earnings or profits of the * machine, until the expiration of two years from the date of the bill of sale : and the letter of li-ense, executed by the plaintiff, with other creditors of the defendant, was urged in support of the objection. But that instrument was not intended to apply to these earnings, which were a new cause of action, not within the covenants in the letter of license. We think, therefore, that the plaintiff is entitled to his action, notwithstanding this objection.
Another objection has claimed more of our consideration, viz., that the parties were tenants in common of the machine, and no remedy lay for tenants in common*against each other. But the statute of 4 and 5 Anne gave them an action of account. To avoid the tedious proceedings in the action of account, the action of the case upon a promise to account was substituted ; and here it has been frequently holden that indebitatus assumpsit well lies where one has received all the profits, or more than his share of purparty. The case of Jones & Al. vs. Harraden is in point, and goes farther than is necessary to support the action *474 before us. On this authority the verdict is to be supported, and, the plaintiff may enter it on his first count; after which, assessors will be appointed to liquidate the damages, (a)

 [By the common law, one partner or tenant in common cannot maintain assumpsit against his copartner or cotenant for a share of the profits until a final balance has been ascertained, (Gow. 2 ed. p. 88;) and according to the better opinion, an express promise has been made to pay it.— Gow. ubi sup. Carey, 62.— Chitty, Con. 199. — 1 Chitty's Pl. 4 ed. 28.— Fromont vs. Coupland, 2 Bing. 170. — The case of Jones vs. Harraden, cited in the note, may well be reconciled with the above general rule. — In Wilby vs. Phinney, Admr., (15 Mass. Rep. 121,) the Court state the law to be clearly in this commonwealth, that an action of assumpsit will lie after the dissolution of a copartnership to recover a final balance, due from one partner to another on the ground of an implied promise. In the same case, it is said that “ generally, where an action of account lies, an action of assumpsit on a promise to account may be maintained.” And Brigham vs. Eveleth, and Bond vs. Hays, Exr., (12 Mass. Rep. 34,) are cited as maintaining this position. But it is submitted that to maintain assumpsit against a partner or tenant in common, in such case at common law there must be an express promise to account, and that even then the plaintiff cannot go into particulars of the account, but must confine himself merely to the damage he has sustained from not accounting according to promise. — Buller, N. B. 148. — 1 Salk. 9. — Carey on Part. 62. — Fromont vs. Coupland, ubi sup. — In Bond vs. Hays, Exr, (12 Mass. Rep. 36,) the Court say, “ If the common law principle should prevail, that one partner can maintain no action but account against his copartner, still it would not follow, that after the copartnership accounts are closed, an action of assumpsit will not lie for one who has paid over by mistake more than his partner was actually entitled to receive; and that is the ground of the present action. The case of Brigham vs. Eveleth is a sufficient authority for this purpose, if authority be wanting.” But Brigham vs. Eveleth seems to have gone on other grounds. — See Bovil vs. Hammond, 6 Barn. & Cress. 151 — Ed.]