## WESTERLO *vs.* EVERTSON.

ERROR from the Albany mayor's court. Evertson sued Westerlo in the Albany mayor's court, and declared in assumpsit on the common money counts; the defendant pleaded the general issue, and gave notice of set off. On the trial of the cause, the plaintiff proved that he had paid the amount of a judgment obtained against him and the defendant in favor of the people of the state, amounting to $290, 47; the half of which sum he claimed to recover. It appeared that the judgment was for clerk's fees in this court, chargeable to the defendants jointly as practising attornies. The defendant's counsel moved for a nonsuit. The recorder decided that the payment made by the plaintiff being a coercive payment, he was entitled to maintain an action against the defendant for a moiety of the money paid; that the payment was not a partnership transaction, and denied the motion. The counsel for the defendant then offered to prove that the plaintiff, as the partner of the defendant in the prac-

ALBANY,
Oct. 1828.

Westerlo
v.
Evertson.

tice of the law, had received over and above his proportion of the proceeds of their law-office, a sum more than sufficient to counterbalance the claim set up by the plaintiff; which evidence was rejected by the court, on the ground that the plaintiff had a right to claim contribution for the money paid by him on the judgment, and the defendant was not entitled to set off unliquidated partnership accounts. Under the direction of the court, a verdict was rendered for the plaintiff for $153, on which judgment was entered.

*E. Livingston,* for plaintiff in error, to shew that an action of assumpsit would not lies, cited 1 *Starkie's N. P.* 78 ; 14 *Johns. R.* 318 ; 2 *Caines,* 293 ; 12 *Johns.* 401 ; 17 *Johns. R.* 80 ; 9 *Johns. Rep.* 307 ; 9 *Mass. R.* 304 ; 1 *Burr.* 192 ; 18 *Johns. R.* 245 ; and that contribution could not be claimed by the plaintiff, 4 *Johns. Ch. R.* 334 ; 2 *Johns. Ch. R.* 394.

*J. L. Wendell,* for defendant, insisted that the connection in business between attornies was not such a partnership as necessarily obliged the parties to resort to an action of account or bill in equity to enforce against each other contribution for monies paid in the joint concern. That if they were embraced by the rule, then, in every case of joint liability, resort must be had to those remedies ; that the rule ought not to be extended to cases other than those relating to trade and commerce ; and he cited *Gow on Partnership,* 101, 112 ; 2 *Black. R.* 947 ; 2 *T. R.* 186 ; 1 *East,* 20 ; and the opinion of *Spencer, J.* in *Caines,* 293.

*By the Court,* SAVAGE, Ch. J. Evertson sued Westerlo in the mayor's court, in the city of Albany, to recover half the amount of a judgment obtained against the plaintiff and defendant, as attornies, for clerk's fees, charged to them jointly as practising attornies.

It was contended that no action at law would lie, as the matter in controversy was a partnership concern. The *recorder* held, that the action will lay by one co-defendant

ALBANY,
Oct. 1828.

against the other, to compel him to contribute, and that this was not a partnership transaction. If the recorder was right, then, in case two judgments are recovered against two partners, and one pays one judgment and the other the other judgment, each may maintain an action against the other for half the money paid by him, and so on to the end of the settlement of the concerns of the partnership. The fact certainly was proved, that the money paid by the plaintiff was a partnership debt. In the case of *Casey* v. *Brush*, (2 *Caines*, 293,) it was said the rule was too well settled to be shaken, that partners cannot sue each other at law for any thing relating to their partnership concerns, unless there has been a settlement, a balance struck, and an express promise to pay. This doctrine has since been repeatedly recognized by this court. (12 *Johns. R.* 402. 17 *Johns. R.* 80. 14 *Johns. R.* 322. 18 *Johns. R.* 245.) The same rule prevails in the English courts, (2 *T. R.* 483, n., 1 *Stark. R.* 63, *Robson* v. *Curtis*,) where Lord Ellenborough says, " If there had been partnership dealings, and only one item remained unadjusted, the difficulty as to partnership would disappear." Such is not this case ; as the defendant below offered to shew that the plaintiff below was his debtor on an unsettled partnership account.

Judgment reversed ; venire de novo to Albany mayor's court.