Morton J.
delivered the opinion of the Court. This is assumpsit to recover one half the loss on an adventure, in which the plaintiffs allege that the defendants were equally interested with themselves. The plaintiffs show themselves ro be partners with the defendants in this transaction, and that the loss, on account of which they claim to recover, was occasioned by the non-payment of debts due this partnership. These debts are still outstanding. And the question first presented for our consideration is, whether the balance now claimed can be recovered in an action of assumpsit.
The general principles of law applicable to such cases are too well settled to require revision.
The remedies usually resorted to for the settlement of controversies between partners, are bills in equity, actions of account, and actions upon the special covenants or agreements in the articles of copartnership. Niven v. Spickerman, 12 Johns. R. 401.
Assumpsit will also lie, in some cases, by one partner against his copartner, to recover a balance of a partnership account. And although different rules have been adopted in different states upon this subject, yet they all concur in this, that it is a final balance only which can be recovered in this form of action.
In New York and South Carolina, and it is believed, in England, assumpsit will not lie for a final balance except upon an express promise.[1] Casey v. Brush, 2 Caines’s R. 293 ; *83 Halstead v. Schmelzel, 17 Johns. R. 80 ; Westerlo v. Evertson, 1 Wendell, 532 ; Course v. Prince, 1 Rep. Const. Ct. (2d series) 416 ; Fromont v. Coupland, 2 Bingh. 170. But in Pennsylvania, when a partnership is settled and a balance struck by the partners, the balance may be recovered in this form of action, without any express promise to pay it. Ozeas v. Johnson, 1 Binney, 191 ; S. C. 4 Dallas, 434 ; Lamalere v. Caze, 1 Wash. C. C. R. 435.
In this State the doctrine is carried still farther, and neither the settlement of the accounts by the partners, nor an express promise to pay, is necessary. It has been held too often now to be questioned, that assumpsit will lie to recover a final balance of a partnership account, and that this extends to all cases in which the rendition of the judgment will be an entire termination of the partnership transactions, so that no further cause of action can grow out of them. Brigham v. Eveleth, 9 Mass. R. 538 ; Jones v. Harraden, ibid. 540 ; Bond v. Hays, 12 Mass. R. 34; Wilby v. Phinney, 15 Mass. R. 116 ; Fanning v. Chadwick, 3 Pick. 420 ; Brinley v. Kupfer, 6 Pick. 179. This rule is not only founded on authority, but is reasonable in principle and convenient in practice.
Does the case at bar come within it? Is the amount claimed a final balance, and will the judgment in this suit be an absolute termination of all the partnership accounts between these parties ?
There are debts to a comparatively large amount still due the partnership. A judgment in this suit would not disable either party from receiving these debts. And should the defendants hereafter receive any part of them, a recovery in this suit will not prevent the plaintiffs from maintaining another action for their share of the amount thus received. Or should payment hereafter be made to the plaintiffs, the defendants would not be barred from maintaining an action for their equitable proportion. And for every payment to either party, a new action might be maintained by the other, and thus suits be multiplied indefinitely.
But can one partner never recover a balance from a delinquent copartner, while any of the debts due the firm remain unpaid ? If so, then this remedy would, in practice, prove *84 unavailing in many cases. For there are very few partnerships which do not create dues that never are nor can be collected. But were such the consequence, it would not be a sufficient reason for the violation of so well settled and so salutary a rule. Resort might be had to another jurisdiction or another form of action, without inconvenience or injustice.
But this is not a necessary consequence of-the rule. For the plaintiffs might show that the outstanding debts of the part nership were incapable of collection, and thus that the judgment rendered would make a final settlement between the partners. And in such case, especially if an assignment of all the outstanding debts was seasonably given or tendered to the other party, the action might be sustained.[1]
But in this case the plaintiffs’ evidence not only fails to prove the debts now due the partnership to be worthless, but actually shows them to be of considerable value. It may happen, and must be considered as probable, that some of these, debts will be collected. We are therefore of opinion that the balance claimed in this case is not a final balance, and that to sustain this action would be to carry the rule much further than ever has been done, or could be done upon any reasonable principle.
But the plaintiffs’ counsel contends that this case does not come within the rule above laid down, because he says that under the count for money paid, laid out and expended they may recover the money by them advanced for the purchase of the original stock. That this was not a partnership transaction, but an advance by the plaintiffs for the use of the defendants, to commence partnership business.
But we think the action cannot be maintained on this ground. The plaintiffs do not show any agreement by the defendants to advance any money, or any promise by them to repay the plaintiffs for any such advances. They rely solely upon the fact that they advanced the money for the purchase of the hams, and upon an implied promise to repay them. The law will not in such case imply a promise. We know not what *85 the contract was between these partners. It might be, that for certain services to be performed by the defendants, or other inducements offered by them, the plaintiffs agreed to make all the advances and to be repaid only in the final settlement of the transaction.
In all the cases cited, the actions were founded upon an express contract. An action may be maintained on a covenant or agreement to become partners. Figes v. Culler, 3 Stark. R. 139. So if one partner covenants or agrees to advance a certain portion of the capital, or to perform any other specific acts, an action will lie for the violation of these express contracts, even during the continuance of the partnership. Gow on Partn. 95, et seq. ; Venning v. Leckie, 13 East, 7 ; Gale v. Leckie, 2 Stark. R. 107.
If the plaintiffs had shown an agreement on the part of the defendants to advance one half of the money necessary to carry on their joint speculation, or a promise to repay the plaintiffs for their advances, they might well recover upon such undertaking in the present action. But from the fact that one partner advanced the whole of the capital, the law will not imply a promise of the other to repay any part of it during the continuance of the partnership. What the terms of the connexion were, is not a matter of inference, but of proof.
There is no reason to believe that in the present case there was any promise to repay the plaintiffs for their advances, other than in the settlement of the partnership accounts. The plaintiffs have not treated their claim as one for money advanced. In their account annexed to the writ, their charge is not for one half of the money paid by them, but for one half of the loss sustained in the speculation. The interest, too, is not charged from the time of the original payment, but from the time when the loss was ascertained.
At the argument, the plaintiffs tendered to the defendants an assignment of all the debts now due to the concern. As the debts were considered doubtful and their estimated value not large, had this tender been made before the commencement of the action, perhaps it would have availed the plaintiffs. But it is now too late. The plaintiffs cannot in this way give themselves a good cause of action which did not exist when *86 they instituted their suit. The costs which have arisen might have been avoided, had this offer been seasonably made.
In applications for new trials and other appeals to the discretion of the Court, they will, to promote substantial justice, allow formal errors to be corrected and technical difficulties to be removed. Such was the case of Brinley v. Kupfer. There the plaintiff having obtained a verdict, and there being a single debt due from the firm unpaid, and the omission to pay it having been caused by the defendant himself, the Court refused to set aside the verdict, upon the plaintiff’s deducting this debt from the amount of it.
But the Court will never do this where third persons may be affected by it. The defendants’ bail might be severely injured by a judgment rendered on a cause of action which did not exist when he became bail.
Besides, this is not an appeal to our discretion. Neither party asks for a new trial, but for our judgment upon the facts reported. The plaintiffs’ right to recover must depend upon the facts as they existed when they commenced their action. We have no legal power to render judgment upon a state of facts which did not then exist.[1]
The plaintiffs must therefore be nonsuit.

 Clark v. Dibble, 16 Wend. 601. But see Wray v. Milestone, 5 Mees. & Welsby, 21; Colly, on Partnership, 154.

 Henley v. Soper, 8 Barn. & Cressw. 16; Brierly v. Cripps, 7 Carr. & P 709.

 See Dickinson v. Granger, 18 Pick. 315; Gibson v. Moore, 6 N. H. R. 547; Chase v. Garvin, 1 Appleton, (Maine) R. 211; Bovill v. Hammond, 6 Barn. & Cressw. 149; Vinal v. Burrill, 16 Pick. 401; Williams v. Henshaw, 12 Pick. 378.