Francisco *v.* Fitch.

---

### FRANCISCO *vs.* FITCH, adm'r &c.

The statute authorizing a reference of claims presented to an executor or ad‑ ministrator for payment, (2 *R. S.* 88, 89,) is broad enough to include unliqui‑ dated claims by a surviving partner, against the estate of a deceased partner, growing out of the partnership.

The object of the statute was to allow a reference of all claims against an estate, whether of a legal or an equitable nature, which the executor or ad‑ ministrator was competent to settle and adjust, and thus save the expense and trouble of litigation.

But upon such a reference, a surviving partner can recover a claim for payments made by him on partnership debts, or for moneys advanced by him, as capital, to the partnership, only upon the principle of a full accounting and settle‑ ment of all the partnership accounts and transactions ; inasmuch as, until all the partnership concerns are ascertained and adjusted, it is impossible to know whether a particular partner be a debtor or creditor of the firm.

THIS was a reference of a disputed claim against the estate of Cornelius De Witt deceased, to three referees approved by the surrogate of the county of Yates, under and in pursu‑ ance of the statute. (2 *R. S.* 88, §§ 34, 35, 36.) The claim was first presented to the defendant, as administrator of the deceased, who declined to allow or pay the same ; whereupon the plaintiff and the defendant signed an agreement to refer the claim to three referees named therein. Upon filing that agreement, a rule was entered, referring the controversy to the referees specified. Annexed to this agreement was the account

Francisco *v.* Fitch.

of the claimant, and an affidavit, verifying the same. The account consisted of a great number of items, most of which were for moneys paid by the claimant on account of debts owing by the partnership of which the claimant and the deceased were members ; some of them being upon promissory notes signed by both partners. The plaintiff also claimed to recover the sum of $250 paid in by him, as capital of the firm, soon after the formation thereof. On the hearing before the referees, the defendant objected to the introduction of the promissory notes signed by the plaintiff and De Witt ; on the ground that the surviving signer was bound to pay them ; and that even if the same were partnership notes, the surviving partner could not recover from the estate of the deceased copartner, any part so paid, until the precise terms of the copartnership should be proved and shown, to authorize such recovery. The referees overruled such objection, and admitted evidence of the notes and of the payment thereof by the plaintiff, and found the estate of the deceased signer liable for the payment of one half of the sum paid by the plaintiff, with interest thereon from the time of payment. The plaintiff also offered evidence to prove the amount of capital invested by him in the partnership, and used in such business by the deceased copartner, claiming the right to recover such capital, or such part thereof as might remain after deducting an equal half of all losses which had been sustained in the business of such partnership. The defendant by his counsel, objected thereto, on similar grounds, alleging that the plaintiff could not claim any portion of such capital, until he should first prove the precise terms on which such partnership was founded. This objection was also overruled, and the evidence admitted. The referees reported that the sum of $1700 was due to the plaintiff, from the defendant as administrator. Judgment being entered upon the report, the defendant appealed to the general term.

*D. J. Sunderlin,* for the plaintiff.

*Daniel Morris,* for the defendant.

*By the Court,* Johnson, J.   The statute, under which the reference in this case was had, is broad enough to include unliquidated claims by a surviving partner, against the estate of a deceased partner, growing out of the partnership. (2 *R. S.* 88, 89.) By § 34, the executor, or administrator, may give notice to all persons having claims against the deceased, to exhibit the same with the vouchers thereof. By § 35, upon *any* claim being presented against the estate, the executor or administrator may require satisfactory vouchers, in support thereof, and also the affidavit of the claimant.   And by § 36, if such executor or administrator doubt the justice of *any* claim so presented, he may enter into an agreement to refer the matter in controversy, to three disinterested persons, to be approved by the surrogate.   Upon filing this agreement, and approval of the surrogate, a rule is to be entered, referring the matter in controversy to the persons so selected.   It is made the duty of the referees thereupon, to proceed to hear, and determine, the matter, and the same powers are conferred upon them, as if the reference had been made in an action in which such court might by law direct a reference.

A part of the plaintiff's claim, in this case, was for moneys paid by him upon partnership debts, after the death of the intestate, and it was a part of the subject matter referred. And, in my opinion, it was in the power of the referees to hear and determine it.   It was, manifestly, a claim which the defendant, as administrator, had the power to settle, and adjust, with the plaintiff.   And in an action brought by the plaintiff, for an account, the defendant would necessarily have been the party defendant.   It has been held that the surrogate has power, upon the settlement and distribution of the estate, to liquidate equitable as well as legal demands.   (*Payne* v. *Mathews*, 6 *Paige*, 19.)   It is clear that an action of assumpsit, in a court of law, could not have been maintained by the plaintiff to recover money thus paid, upon partnership debts, without at least a settlement and balance struck.   (*Westerlo* v. *Evertson*, 1 *Wend.* 532.)   But I think the object of the statute was to allow a reference of all claims against an estate,

Francisco *v.* Fitch.

whether of a legal or an equitable nature, which the executor or administrator was competent to settle and adjust, and thus save the expense and trouble of litigation. I am not aware that this question has ever been determined. I have not been able to find any case in which it has arisen, and none has been cited by counsel.

This being so, however, there was no sufficient evidence, before the referees, to justify the allowance of any thing to the plaintiff on account of payments on partnership debts, or of moneys advanced by him, as capital, to the copartnership. If he could recover a claim of this nature at all, upon such a reference, he could do it only on the principle of a full accounting and settlement of all the partnership accounts and transactions. The plaintiff was the surviving partner, and as such, on the death of his copartner, became exclusively entitled to all the property, choses in action, accounts and books, with the evidences of debt which belonged to the copartnership. And it became his duty to dispose of the partnership property and effects remaining on hand, to collect the debts due, and pay the demands owing, by said firm. (*Murray* v. *Mumford,* 6 *Cowen,* 441.) He was liable to account to the defendant, as representative of the deceased partner, and alone was liable to be sued by the creditors of the copartnership. And even in equity, a creditor could not have maintained an action against the defendant to recover a partnership debt, without alleging the insolvency of the plaintiff. (*Lawrence* v. *Trustees of the Leake and Watts Orphan House,* 2 *Denio,* 577.) The claim here, if any existed in the plaintiff's favor, was of an equitable and not a legal nature, as there is no pretense that there was ever any settlement, and balance struck between the partners. It was for the plaintiff, therefore, who made the claim, to show that in equity and good conscience it ought to be paid. This was not shown, by proving the payment of partnership debts, or the amount contributed by the plaintiff to the partnership funds. Because until all the partnership concerns are ascertained, and adjusted, it is impossible to know whether a particular partner be a debtor or creditor of the firm. (*Story on Part.* § 221.) For

aught the referees could know, from the evidence before them, the plaintiff, notwithstanding these payments, was still a debtor to the partnership. He became by these payments a creditor of the firm, to the extent of the payments. But whether he could have any claim upon the estate of the deceased copartner, on that account, would depend entirely upon the debits of the firm against him. In short, there could be no recovery in respect of the partnership accounts, without affirmative proof that these payments, as between the partners, were more than the plaintiff was bound to pay. And this would involve proof of the agreement, the capital paid in by each, and the whole transactions between the partners. There was no proof upon this subject. It was not even shown when the intestate died, nor any thing relating to the condition of the partnership, at his decease. The judgment must therefore be reversed, and a new trial granted, with costs to abide the event.

[MONROE GENERAL TERM, September 7, 1857. *Johnson, Welles* and *T. R. Strong,* Justices.]