CHARLES C. CORNES, Appellant, v. ANDREW J. WILKIN, Executor, etc., Respondent.

The provisions of the Revised Statutes (2 R. S., 88, §§ 34, *et seq.*) in reference to publication by executors and administrators of notice to those, having claims against the deceased, to exhibit them, and the provision (§ 38) limiting the time for commencing suits upon claims disputed or rejected, include claims which are contingent, as well as those where the liability is certain and fixed.

Plaintiff and B., defendant's testator, were co-sureties upon an undertaking given on appeal; the judgment appealed from was affirmed July, 5 1873; an action was commenced against plaintiff August 28, 1873; judgment was perfected therein against him September 17, 1873, which he paid November 11, 1873. Defendant obtained an order for the publication of notice to creditors September 13, 1873, and such notice was on that day published. Plaintiff served upon defendant a claim for contribution, April 17, 1874, which was immediately rejected. This action upon such claim was commenced November 27, 1876. *Held*, that the six months limitation, prescribed in said statute, applied to the claim; that the fact that the first publication of notice was prior to the establishment of plaintiff's liablility was immaterial; and that the action was barred.

Also, *held*, that an omission of a middle letter in the name of the testator, in the noticed published, was immaterial: and that this was so, although there was a person living of the same name as that published, as the law recognizes but one Christian name, and as it did not mislead.

Defendant, in May, 1874, wrote to plaintiff's attorney, offering to submit the controversy under section 372 of the Code of proceedure; said attorney wrote a letter in March, 1876, accepting the proposition, to which defendant made no reply. *Held*, that the offer was not a waiver of the statute; that to constitute a waiver the offer should have been accepted within the six months, and this followed by an actual submission.

(Argued November 20, 1879; decided December 2, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of defendant, entered upon an order setting aside a verdict in favor of plaintiff and directing judgment for defendant. (Reported below, 14 Hun, 428.)

This action was brought for contribution as between co-sureties.

On the 28th day of September, 1872, one Ann Burgess recovered a judgment in the Supreme Court against Joseph

Eaton. Eaton appealed, giving a joint undertaking executed for that purpose, signed by the plaintiff and by the defendant's testator, Charles M. Brockway. On the 5th day of July, 1873, the judgment against Eaton was affirmed. Said Brockway died on the 3d day of January, 1873. On the 28th day of August, 1873, said Ann Burgess commenced an action against the plaintiff as surviving obligor on said undertaking, which action was prosecuted to judgment; said judgment being perfected September 11, 1873, execution thereon was issued, and plaintiff paid the amount of the execution on the 11th day of November, 1873. On the 13th day of September, 1873, the defendant, as executor, procured from the surrogate of Monroe county, who had jurisdiction thereof, an order for the publication of claims against the estate of his testator, and the notice for claims was first published, in accordance with said order on that day. On the 15th day of April, 1874, plaintiff presented to the executor a claim for contribution claimed to have accrued to him by virtue of his having paid the Burgess judgment, which claim the said executor rejected on the same day. This action was commenced the 28th day of November, 1876.

In the notice so published the deceased was called Charles Brockway; there was a Charles Brockway at that time living in the same town. On May 27, 1874, defendant wrote the plaintiff's attorney offering to submit the controversy under section 372 of the Code of Procedure. Said attorney wrote to defendant a letter March 6, 1876, accepting this proposition. No notice of this letter was taken by defendant. The court on trial directed a verdict for plaintiff for one-half the amount paid by plaintiff, subject to the opinion of the court at General Term. A verdict was rendered accordingly.

*W. F. Cogswell,* for appellant. Plaintiff's action was not barred by the six months statute of limitations. (2 R. S., 88, §§ 34–40; *Bk. of Fishkill* v. *Speight,* 47 N. Y., 668; *Hoyt* v. *Bonnett,* 50 id., 538.) That statute is only applica-

ble to cases where the presentment and rejectment of the claim is after the publication of notice requiring creditors to present their claims against the estate. (*Tucker* v. *Tucker*, 4 Keyes, 136; *Hardy* v. *Ames*, 47 Barb., 413.) The proof of publication of notice by the executor to creditors to come in is necessary in order to bar plaintiff's claim. (*Broderic* v. *Smith*, 3 Lans., 26; *Whitmore* v. *Foose*, 1 Denio, 160; *Hardy, Admx.* v. *Ames*, 47 Barb., 414; *Murray* v. *Smith*, 9 Bosw., 691; *Hoyt* v. *Bonnett*, 50 N. Y., 542.) Notice requiring claims to be presented to the executor at the office of his attorney, giving his name and the number of his office and street, is not a compliance with the statute. (*Murray* v. *Smith*, 9 Bosw., 691; *Hardy, Admx.* v. *Ames*, 47 Barb., 415; *Whitmore* v. *Foose*, 1 Denio, 161.) Notice of rejection served on the claimant's attorney, who presented the claim, is not a compliance; the notice must be given personally to the claimant. (*Van Saun* v. *Farley*, 4 Daly, 165.) The presentation of claims by claimant, before publication, is not a compliance with the statute, and does not set it running. (*Whitmore* v. *Foose*, 1 Denio, 161; *Tucker* v. *Tucker*, 4 Keyes, 151.) Though plaintiff's claim was contingent only, and not within the statute, it was proper to present it to the executor. (*Whitmore* v. *Foose*, 1 Denio, 162; *Kidd* v. *Chapman*, 2 Barb. Chy., 422; *Hoyt* v. *Bonnett*, 50 N. Y., 545.) There was no absolute or certain debt, either in law . or in equity, due from the estate before plaintiff paid ·the debt of the principal. (*Hoyt* v. *Bonnett*, 50 N. Y., 544; *Jones* v. *Barlow*, 62 id., 204.) Defendant by his proposition *per se*, waived the statute, and abandoned the effect of his notice of rejection. The statute was thereby suspended, and has never since been set in motion. (*Lawrence* v. *Trustees Orphan House*, 2 Denio, 585.)

*Daniel Holmes*, for respondent. The plaintiff's claim was, barred by the short statute of limitations. (3 R. S. [6th ed.], § 49 [§ 38], p. 97; *Tucker* v. *Tucker*, 4 Keyes, 151; *Hardy*

v. *Ames*, 47 Barb., 413.) The omission of the middle letter of Charles Brockway's name was immaterial ; the law recognizes but one Christian name. (*Newton* v. *Porter*, 69 N. Y., 141; *Franklin* v. *Talmadge*, 5 J. R., 84; *Roosevelt* v. *Gardinier*, 2 Cow., 463; *Milk* v. *Christie*, 1 Hill, 102; *Aylesworth* v. *Brown*, 10 Barb., 167; *Van Voorhees* v. *Budd*, 39 id., 479; *Claflin* v. *Griffin*, 8 Bos., 689.) Publication in one newspaper was sufficient. (*Dolbeer* v. *Casey*, 19 Barb., 149.) This claim was a proper claim to present in writing within the six months. (*Selover* v. *Coe*, 63 N. Y., 438; *Hoyt* v. *Bonnett*, 50 id., 538; *Van Wyck* v. *Seward*, 18 Wend., 375; *Elwood* v. *Diefendorf*, 5 Barb., 399; *Howe* v. *Ward*, 4 Greenleaf [Me.], 195; *Jackson* v. *Seward*, 5 Cow., 67; 8 id., 429; *Francisco* v. *Fitch*, 25 Barb., 130; 3 R. S. [6th ed.], p. 96, § 45; *Payne* v. *Mathews*, 6 Paige, 19; *Westerlo* v. *Evertson*, 1 Wend., 532; *White* v. *Story*, 43 Barb., 124; *Brockett* v. *Bush*, 18 Abb., 337; *Godding* v. *Porter*, 17 Abb., 375; *Matter of Whitlock's Estate*, 1 Tucker, 491; *Hoyt* v. *Bonnett*, 58 Barb., 529; Redfield's Surr. Practice, 292; *Elwood* v. *Diefendorf*, 5 Barb., 399; 8 Wend., 375, 386; *Howe* v. *Ward*, 4 Green., 195; *Russell* v. *Lane*, 1 Barb., 519.) A claim is rejected or disputed by not being allowed. (*Tucker* v. *Tucker*, 4 Keyes, 136; *Cooper* v. *Felter*, 6 Lans., 485; *Fort* v. *Gooding*, 9 Barb., 388.) There was no such subsequent negotiation as to waive the statute. (*Bk. Fishkill* v. *Speight*, 47 N. Y., 668.)

MILLER, J. Upon the appeal from the judgment in favor of the plaintiff, the General Term held that the action was barred by the statute of limitations and directed that a judgment be entered dismissing the plaintiff's complaint.

The statute, which it is urged, operates as a bar to the claim of the plaintiff (2 R. S., 89, § 38), provides that "if a claim against the estate of a deceased person be exhibited to the executor or administrator and be disputed or rejected by him, and the same shall not have been referred the claimant shall, within six months after such dispute or rejection, if the debt,

or any part thereof, be then due, or within six months after
some part thereof shall have become due, commence a suit
for the recovery thereof, or be forever barred from main-
taining any action thereon," etc.    The claim of the plaintiff
was as a co-surety upon a joint obligation with the testator
upon an undertaking on an appeal.    A suit was brought
against the plaintiff and a judgment obtained, which was
paid by him.    The order for publication was made, and
notice first published for creditors to present their claims,
prior to the judgment and about two months before it was
paid by the plaintiff; and the claim of the plaintiff was not
presented until eight months after the notice had been first
published, and was immediately rejected by the executor.
This action was brought over two years and one-half after
the claim was rejected.    The plaintiff insists that the statute
is only applicable to cases where the presentment and rejec-
tion of the claim is after the publication of notice for credit-
ors to present their claims against the estate; that the
plaintiff's claim was not one which was affected by the six
months' statute, and it means only creditors who have claims
which are due, or so certain and absolute that they can be
presented at any time after the first publication, and not a
contingent liability which, perhaps, may never arise.    It is
also urged that the claim of the plaintiff did not become
fixed and absolutely certain until two months after the first
publication, and hence he never had the benefit of the full
six months to which he was entitled; and that the short
statute of limitations did not apply.

The design of the statute, requiring the publication for
creditors to present their claims, evidently was to give notice
to persons holding demands, so that the executor or admin-
istrator might ascertain the amount of the indebtedness
existing against the estate, and liquidate the same.    It was
not intended that any claim should be excluded; and the
fact that the debt was not then due, or that it was depend-
ent upon a contingency, and hence was in a condition of
uncertainty, so that it could not be made out, would not,

we think, prevent the operation of the statute of limitations where there was a failure to bring the suit within the time required. The statutes relating to claims against deceased persons comprehend a general system in reference to such demands. Section thirty-four provides for a publication of a notice to creditors requiring " all persons who have claims to exhibit the same, with the vouchers thereof," etc. The next section, thirty-five, authorizes the executor to require such voucher, and sections thirty-six and thirty-seven make provision for a reference to settle any claims and the proceedings to be had thereupon. These are preliminary to section thirty-eight, *supra*, which prescribes the time within which an action may be brought, and taken together establish that it was the intention of the law-makers that claims of every name, nature and description, which exist or are likely to exist against an estate, shall be presented as required, without defining with precision the character of such claims. They embrace those which are due, as well as such as are contingent and likely to become due, or which by any possibility may be established ; and no good reason is shown why a person who may, perhaps, become liable to pay money, as a co-surety with a deceased person, should not make out and present a claim for contribution, the same as any other claimant against the estate of such co-surety. This principle is recognized in some of the reported cases. In *Hoyt* v. *Bonnett* (50 N. Y., 538), it was laid down that although the liability was contingent, it was proper to present the claims ; and although such claims were not an absolute charge upon the estate, the contingent liability continues and cannot be disregarded or rejected by the executors. (See also *Francisco* v. *Fitch*; 25 Barb., 130; *White* v. *Story*, 43 id., 124.)

We think, therefore, that the claim might properly have been presented, even before judgment had been obtained against the plaintiff or he had paid the demand; and he lost nothing by the publication of notice prior to the time of its being established against himself. But even if it were

otherwise, so long as the plaintiff had an opportunity to present and actually did present his claim after the advertisement, and no objection was made that it was not in due season, we do not see that he has lost any rights.

While it may be conceded that the statute must be strictly pursued, as the advertisement and notice were entirely regular, we think that the fact that the time of its first publication commenced prior to the establishment of the plaintiff's liability as surety has no bearing upon the question as to the limitation of time within which the action must be brought. The question is not when the advertisement began to take effect, but when the statute of limitations commenced running. The provisions of the statute as to the advertisement and presentation of claims is one thing; and that relating to the limitation of an action is another matter.

The advertisement prior to the time when the demand became fixed and certain has done the plaintiff no injury; and he had the same right to present, and he actually did so present his claim, and the same privilege to bring an action, as if the notice had been first given after his claim was perfect. The claim of the plaintiff's counsel, therefore, that he never had the benefit of the full six months in which to present his claim, after the first publication, is, we think, without merit and presents no valid ground for a reversal of the judgment.

The omission of the middle letter of the name of Charles Brockway was, we think, immaterial, as the law recognizes only one Christian name. It could not mislead the creditors, as it related to a person who was deceased; and the fact that another man was living of the same name did not alter the case. The plaintiff presented his claim by virtue of the order as published, and thus conceded that the claim was against the testator's estate.

It is also urged that there was a waiver of the statute, by the proposition of the defendant to submit the claim under section 372 of the Code. We think that this communication was merely intended to facilitate the disposition of the case,

and did not in any way interfere with the written notice which had been given rejecting such claim. An offer to refer, after a refusal to pay, will not waive the statute: (*Bank of Fishkill* v. *Speight*, 47 N. Y., 668.) It may be added that the letter relied upon bore date a little over two months after the notice rejecting the claim, and it remained unanswered for nearly two years after it was sent. To constitute such waiver, the offer should have been accepted within the six months and have been followed by an actual submission, as proposed.

As the statute of limitations was a bar to the plaintiff's right of action, it is not necessary to consider the question whether the plaintiff, having paid the claim for which he and his co-surety became jointly obligated, has a right of action for contribution against the executor of his co-surety.

The judgment of the General Term should be affirmed.

RAPALLO and ANDREWS, JJ., concur; CHURCH, Ch. J., and EARL, J., concur in the result; DANFORTH, J., taking no part.

Judgment affirmed.