LOUISE U. SKIDMORE, APPELLANT, *v.* WILLIAM POST, AS EXECUTOR, ETC., OF ABRAM P. SKIDMORE, DECEASED, RESPONDENT.

*Claim against the estate of a deceased person — over what class of claims the referee has jurisdiction — when he may take and state the account of a special guardian to sell an infant's real estate.*

The defendant's testator, as the special guardian of the plaintiff, had received the proceeds of real estate sold, in pursuance of an order of the court, and had been directed to invest the same and apply the income to the maintenance and education of the infant. The testator died in 1880, and the defendant qualified as his executor. The plaintiff came of age in February, 1881, and presented a claim in the usual form against the defendant, as executor, which was, upon the usual stipulation, sent to a referee. It was shown that the special guardian had never made or filed any report or account, and that, so far as the plaintiff knew, he had never applied any part of the income to her support, or paid over any part of the principal, or been relieved from his trust.

The referee dismissed the claim upon the ground that, in the absence of evidence to the contrary, it was not to be presumed that the testator had failed to invest the funds, or that he had converted any portion thereof to his own use.

*Held,* that this was error; that the referee should have taken and stated the account of the special guardian, and that the balance found to be due to the plaintiff should have been allowed as a claim against the defendant.

APPEAL from an order made at a Special Term confirming the report of a referee, and from the judgment in favor of the defendant entered thereon.

*A. N. Weller*, for the appellant.

*J. T. Marean*, for the respondent.

PRATT, J.:

The evidence in this case established the following facts: That Abram P. Skidmore was appointed the special guardian of Louise U. Skidmore, then an infant, by the County Court of Queens county, in a proceeding to sell real estate of said infant. He sold such real estate pursuant to an order of the County Court, by two separate sales, and received the proceeds thereof. He was directed by the court to invest the proceeds of the first sale on bond and mortgage and apply the income to the maintenance and education of the infant. The proceeds of the second sale were ordered to be invested for the benefit of the infant until the further order of the court.

Abram P. Skidmore died in Queens county, in 1880, and the defendant qualified as his executor in July of that year. The plaintiff became twenty-one years of age in February, 1881.

The special guardian never made any reports of his trust or filed any account as required by law, and so far as plaintiff had knowledge of the subject, had never applied any of the income to her support or education, and had never paid over to her any of the principal sum, and had never been relieved from his trust. The plaintiff presented a claim to the defendant as executor of said Abram P. Skidmore, in the usual form, which was disputed and referred upon the stipulation of the parties and the approval of the surrogate of Queens county, to a referee to hear and determine, as provided in the statute in reference to claims against decedent's estate. (R. S., part 2, tit. 3, art. 2, chap. 6.) The referee, upon proof of the facts above set forth, dismissed the claim upon the ground that it was to be presumed, in the absence of evidence to the contrary, that the decedent had invested the estate as directed by the order of the County Court, and in the absence of evidence showing that there

was a failure to invest, or that the decedent had converted the fund to his own use, the plaintiff had no claim against the estate.

The statute is certainly broad enough to cover such a claim as is here presented. Section 34 provides for .giving notice to creditors of the decedent to present their claims to the executor or adminis-trator. "Upon any claim being presented, the executor or admin-istrator may require satisfactory vouchers," etc. (2 R. S., 88, sec. 35.) "If the executor or administrator doubt the justice of any claim so presented, he may enter into an agreement in writing to refer," etc. (Sec. 36.) Upon the order being entered with the clerk of the Supreme Court "the same proceedings shall be had as if the reference had been made in an action in which such court might by law direct a reference."

All that is required by the statute is that the claim must be one which existed against the deceased during his lifetime, or would have existed against him had he lived. Claims against the executor or administrator individually and growing out of the administration of the estate are not referable under the statute for the reason that they arise after the decedent's death. (*Godding* v. *Porter*, 17 Abb., 374; *Smith* v. *Patten*, 9 Abb. [N. S.], 205.) But all claims arising out of transactions had with the deceased and which matured during his lifetime and were then properly demandable, or which would have become due or demandable had he lived, are claims against the decedent's estate and properly referable under the statute. (*Francisco* v. *Fitch*, 25 Barb., 130.)

It is true that the plaintiff's claim was of an equitable nature, that it would probably have required the taking of an account and the striking of a balance before it could have been determined what amount was due to the plaintiff; but there is nothing in any of these requirements which the referee had not power to determine. He had precisely the same power to settle and adjust the account between the parties as he would have had if the plaintiff had brought an action for an accounting against the defendant in this court, and such action had been referred to the referee to hear and determine. *Francisco* v. *Fitch*, above cited, so far as the nature of the claim is concerned, is very similar to the case under consideration. That was a claim by a surviving partner against the estate of his deceased partner growing out of the partnership, and was in part for moneys

paid on partnership debts after the death of the intestate. The court held in that case, that the object of the statute was to allow a reference of all claims against an estate, whether of a legal or equitable nature, which the executor or administrator was competent to settle.

The case was therefore properly before the referee for determination, and upon the facts proven he erred in dismissing the claim. It is conceded that the decedent received the proceeds of the sales of real estate as special guardian; that he had never been discharged from his trust, and had never paid over any part of the principal. It does not appear that plaintiff had any general guardian, and so far as she was informed none of the income had ever been applied to her support. Other evidence was given which tended to show that decedent had not been as careful and accurate in the discharge of his duties as the law required.

The reason assigned for the dismissal of the claim is, that the presumption was that the testator had performed his duties as trustee, and had properly invested the fund; but, assuming that to be true, the time had arrived for him to account to his *cestui que trust.* He could not account by simply passing over the securities in which he had invested the fund; he must show that the trust fund had not depreciated through his carelessness or neglect; in other words, he must give an account and explanation of his performance of his trust and his dealings with the fund, and his liability to account was a personal claim against him during his life, and after his death against his estate; whether or not he had converted the fund to his own use was of no sort of consequence so far as his liability to account was concerned. What more then was the plaintiff to prove than was proven? She knew nothing of the manner in which the trust had been performed; whether the estate was properly invested or not; whether it had sustained losses or not; whether if there had been losses the trustee was personally chargeable or not, were all facts peculiarly within the defendant's knowledge, and the plaintiff was not bound to give evidence of them.

It is conceded by the respondent that in an action for an accounting, the burden of showing the testator's dealings with the fund would have rested upon the defendant. I think the same rule applied to this proceeding. It was to proceed, and the referee had

the same power as if the order of reference had been made in an action in this court. The defendant was the representative of the testator; he was the proper one to settle and adjust this claim. If an action had been brought he would have been the sole defendant.

The object of the statute was to provide a speedy and inexpensive way of settling claims against estates, and when the matter is properly before the referee, it is to proceed in the same manner, and to be governed by the same rules as would govern the trial of an action. The evidence made out a *prima facie* case, and in the absence of any proof to the contrary the plaintiff was entitled to a judgment.

The judgment must be reversed, the order of reference vacated and a new trial ordered, with costs to the appellant to abide the event.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment and order denying new trial reversed and new trial granted, costs to abide event; reference vacated.