INTERNATIONAL HARVESTER CO. OF AMERICA v. CHAMPLIN et al.

(Supreme Court, Appellate Division, Third Department. March 5, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§§ 225, 246*)—PRESENTATION OF CLAIMS—TIME—PRESENTATION BEFORE MATURITY.

A claim against a decedent's estate may very properly be presented to the executor before it is due, and, if disputed, a reference had, under Code Civ. Proc. § 2718, which provides that if the executor doubts the justice of a claim he may agree in writing with the claimant to refer the controversy, merely for the purpose of determining whether the claim is just, and not whether it is then payable.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 789, 800, 802, 803, 805, 870–889; Dec. Dig. §§ 225, 246.*]

2. EXECUTORS AND ADMINISTRATORS (§ 228*)—DISPUTED CLAIMS—CONTESTS—PARTIES.

By an agreement between a harvester company and its agent, it held title to all machines sold until the agent's obligation to the company therefor was met. Upon a sale, the purchaser's note was therefore taken in the name of the company, but the agent thereafter settled with the company; its interest or claim on the machine or its proceeds then ceasing. Held, that the company could thereafter present a claim on the note to the purchaser's executor and prosecute a proceeding on such claim, under Code Civ. Proc. § 449, authorizing actions to be brought by the person with whom or in whose name a contract is made for the benefit of another, especially where the company appeared by its attorney, and the agent was actively engaged in prosecuting the proceeding, thus protecting defendants against any subsequent claim by either.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 819–826, 827½; Dec. Dig. § 228.*]

3. ATTORNEY AND CLIENT (§ 70*)—PROOF OF AUTHORITY—PRESUMPTIONS.

It will be presumed, until the contract appears, that an attorney who appeared for a party had authority to do so.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 95; Dec. Dig. § 70.*]

Lyon, J., dissenting.

Appeal from Judgment on Report of Referee.

Proceeding by International Harvester Company of America against S. J. Champlin and another, as executors of Alice R. Keck, deceased. From a judgment for plaintiff, defendants appeal. Affirmed.

See, also, 138 N. Y. Supp. 1122.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, LYON, and HOWARD, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Stearns & Thrasher, of Fredonia (William S. Stearns, of Fredonia, of counsel), for appellants.

Ottaway & Munson, of Westfield (Arthur B. Ottoway, of Westfield, of counsel), for respondent.

JOHN M. KELLOGG, J. We cannot say that the findings of the referee are against the evidence. The reference was not prematurely made. The executors having advertised for claims, the plaintiff presented a claim showing the indebtedness of the estate upon the promissory note, a copy of which was set forth. The defendants, doubting the justness of the claim, rejected it, and by stipulation dated October 24, 1910, the matter in controversy, viz., the justness of the claim, was, under section 2718 of the Code of Civil Procedure, referred. The order of reference was made and entered October 24, 1910; judgment was entered upon the referee's report October 2, 1911. The note became due November 1, 1910, a few days after the order of reference, but before the judgment.

[1] Where a claim is presented to an estate pursuant to notice requiring the presentation of claims, the claimant is not understood as requiring immediate payment, but as claiming that in the due course of administration the claim should be adjusted. A claim therefore may very properly be presented before it is due, and, if its justness is denied and the estate and the claimant refer it, the reference is to determine whether the claim is a just claim, not whether it is then due and payable. Francisco v. Fitch, 25 Barb. 130; Cornes v. Wilkin, 79 N. Y. 129; Bankers' Surety Co. v. Meyer, 205 N. Y. 219, 98 N. E. 399; Code Civ. Proc. § 1822.

As the claim was due at the time the judgment was entered, the form of the judgment cannot properly be criticised.

[2] At the time the claim was filed and the trial had, the plaintiff had no financial interest in the note; but its agent Deuink was solely interested in it. The plaintiff may nevertheless maintain the action under section 449 of the Code of Civil Procedure as the person in whose name a contract is made for the benefit of another. In making his yearly settlement with the plaintiff, December 4, 1908, Deuink, the agent, elected to take from the company this machine and give it therefor his note payable October 1, 1909; but by the original agreement by which he became agent the company held title to all machines sold until his obligations for them to the company were met. Therefore, at the time of the sale in question and the acceptance of the note of the defendants' intestate, the plaintiff company had an interest in the machine, and there was a certain propriety in taking the note in question in plaintiff's name. When the note for this machine was paid by Deuink to the plaintiff, it then had no further interest or claim upon this machine or its proceeds.

[3] The plaintiff appears in court by an attorney, who it must be assumed, until the contrary appears, had authority to appear for it in this action. Deuink also was actively engaged in prosecuting the action for the plaintiff. The judgment therefore fully protects the de-

fendants against the plaintiff, to which the note is payable, and Deuink, who is solely interested in it.

The judgment is therefore affirmed, with costs. All concur, except LYON, J., dissenting.