BERGEN B. BRODERICK, Appellant, *v.* WILLIAM P. SMITH, Adm'r, etc., of BETSEY SMITH, deceased, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, JUNE, 1870.)

Where an executor or administrator relies upon the six months' limitation (2 R. S., 89, § 38) as a defence to an action upon a claim against his decedent's estate, he must make it appear that all the requirements of the statute have been complied with, and its terms implicitly obeyed; and he must also establish a full compliance with the statute (2 R. S., 88, § 34) respecting publication of notice to creditors.

Accordingly *held*, that where the defendant failed to establish publication of notice to creditors, for the time and in the manner required by law, the referee's decision sustaining the defence, should be reversed.

And it seems that a surrogates order directing publication should have been proved.

THIS action was for board, lodging, etc., furnished by the plaintiff to the defendant's intestate, in the years 1861, 1862 and 1863.

Among other defences, the defendant alleged that the six months short statute of limitations applied to the claim.

The referee found that the plaintiff furnished the board and lodging under an agreement that he should receive, and that defendant's testator would pay therefore two dollars per week; and that at the date of his report, there was due, and owing the plaintiff therefor, the sum of $215.96.

The referee also found, that the plaintiff's claim was barred by the statute of limitations, and directed judgment for defendant, with costs.

The referee made certain other findings, which so far as material, are stated in the opinion. The plaintiff excepted to the findings of the referee in due form.

Upon the referee's report, judgment was entered against the plaintiff, June 19th, 1867, for costs, $159, and the plaintiff appealed to the General Term.

*S. C. Keeler*, for the appellant.

*John W. Osborne*, for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J.   The only defence established upon the trial to the plaintiff's demand, as appears by the referee's report, was the short statute of limitations, as it is called, which provides, that if a claim against the estate of any deceased person be exhibited to the executor or administrator, and be *disputed or rejected* by him, and the same shall not have been referred, the claimant shall, within six months after such dispute, or rejection, commence a suit for the recovery thereof, or be forever barred from maintaining any action thereon.   (2 R. S., 89, § 38).   It is held that this statute, unlike the other statute of limitations, is not a statute of repose, but is highly penal in its character, and should be construed strictly.   (*Elliot* v. *Cronk*, adm'r, 13 Wend., 39; *Kidd* v. *Chapman*, 2 Barb., Ch., 422; *Reynolds* v. *Collins*, 3 Hill., 36; *Calanan* v. *McClure*, 47 Barb., 206, 211.)   In order, therefore, to bring a case within this statute, and to enable the party to avail himself of the benefit of its provisions, it must be made to appear that all its requisitions have been strictly complied with, and its terms implicitly obeyed.   The defendant was also bound, for the purpose of availing himself of the statute above cited, to establish that he had fully complied with the provision of 2 R. S., 88, section thirty-four, which requires that six months notice to creditors to present claims, shall be published once a week in a newspaper printed in the county, and in so many other newspapers as the surrogate may deem most likely to give notice to the creditors.

The referee has found in this case, that after the appointment of the defendant as administrator, he caused the requisite notice to creditors to produce their accounts, to be published for six months in the Schuyler County Democrat, a

paper published weekly in said county, and that said publication commenced in December, 1864, and ended June 24th, 1865. The plaintiff insists, that this finding of the referee is wholly without evidence to support it, and is insufficient to sustain the judgment. I think that the objection is well taken. The evidence of the defendant upon the trial shows, that he told the plaintiff that he had advertised for claims, that the time expired about the 24th of June, 1865, that he published it in the Schuyler County Democrat, and a copy of the printed notice was handed to the referee, which bore date December 15th, 1864. The foregoing is all the testimony in regard to the publication of the notice, and it does not, in my opinion, lawfully establish, by competent evidence, that the notice delivered to the referee, was published in the Schuyler County Democrat, or in any other newspaper as required by law. It does not show when the publication was commenced, or when it was ended, or that it commenced on the day it was dated. Nor does it appear in the case, whether the Schuyler County Democrat was a daily, monthly, or weekly newspaper, or that it was published in the county named, or at any place within this State.

It may also be added that it nowhere appears that the publication of the notice to creditors was made in accordance with any order of the surrogate, as required by law, or that any newspaper was designated by him. These defects in the evidence are fatal to upholding the finding of the referee, and in sustaining the judgment entered upon it.

The objection made to the referee's finding, that on the 13th day of May, 1865, the defendant, as administrator, caused to be served upon the plaintiff a notice in writing, in due form, disputing and rejecting the plaintiff's account, arises upon the testimony as to this branch of the case, and presents a question of fact, in regard to which the evidence is conflicting. I am not prepared to say that the referee erred in the conclusion at which he arrived in this respect. As, however, a new trial must be granted for the error before

referred to, it is needless to enter upon a discussion of this question.

The judgment entered on the referee's report should be reversed and a new trial granted, with costs to abide the event.

New trial granted.