SAMUEL FLYNN, AS ASSIGNEE OF RUFUS DIEFENDORF, RESPONDENT, *v.* CORDELIA A. DIEFENDORF, AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF JOHN H. I. DIEFENDORF, DECEASED, APPELLANT.

*Short statute of limitations, created by section 1822 of the Code of Civil Procedure — an executor can plead it on a hearing before a referee appointed pursuant to an agreement made by the parties.*

When an executor or administrator disputes or rejects a claim against the estate of the decedent, presented to him either before or after the commencement of the publication of the notice requiring the presentation of claims as provided by law, and the claimant fails to commence an action for the recovery thereof against the executor or administrator, within six months after the dispute or rejection, he, and all persons claiming under him are, by section 1822 of the Code of Civil Procedure, forever barred from maintaining an action thereupon, and from every other remedy to enforce payment out of the decedent's estate.

The fact that, in this case, the defendant had on the 22d day of October, 1883, served on the plaintiff a written notice that she disputed and rejected a

written claim against the estate, presented by him, and that no negotiations were had between the parties in relation thereto until March 2, 1885, when the parties entered into a written agreement, in form as provided by the statute, to refer the same, which was approved by the surrogate, and that, on March fifth, an order was entered in the Supreme Court referring the matter, in pursuance of that agreement, to a referee, did not prevent the executrix from interposing as a defense the short statute of limitations created by the said section of the Code.

APPEAL from a judgment entered upon the report of a referee in the office of the clerk of Oswego county, on December 21, 1887, and from an order of the Oswego Special Term confirming the report of the referee herein, and denying a motion to set aside the referee's report and for a new trial, on a reference under the statute, entered in the same office on the same day.

*Avery & Merry*, for the appellant.

*Howe & Rice*, for the respondent.

KENNEDY, J.:

The only question presented on this appeal is, whether the right of recovery upon the demand of the respondent, and for which the judgment was ordered, was barred by the provision of section 1822 of the Code of Civil Procedure.

The facts are as follows : The defendant was duly appointed executrix of the estate of John H. I. Diefendorf sometime in 1882. The 22d day of March, 1883, said executrix, by order of the surrogate of Oswego county, duly advertised for the presentation of claims, and continued the same down to September 28, 1883. On the 22d day of September, 1883, the plaintiff served upon her a written claim against the estate, duly verified, and which was then all due, and apparently barred by the six-year statute of limitations. On the 22d day of October, 1883, the defendant served on him a written notice that she disputed and rejected the claim. The matter continued without any action or proceeding on the part of the plaintiff to collect, nor were any negotiations between the parties in relation thereto had until March 2, 1885, when the parties entered into a written agreement in form, as provided by statute, to refer the same. This was approved by the surrogate of Oswego county, and on the 5th day of March, 1885, an order was entered in the Supreme Court

referring the matter in pursuance of said agreement. The case was brought on and tried, and on July 25, 1885, said referee made his report, finding there was due and owing the plaintiff from said estate $1,948.31. Exceptions were filed to the same, and, on plaintiff's motion, the report was confirmed and judgment ordered for said sum, with costs against the estate.

The contention by the appellant is, that at the time said agreement to refer the claim was entered into by said executrix the same was barred by the short statute of limitations, and that she, as representative, could not revive the same as a debt against the estate to the prejudice of the creditors, heirs to the estate or beneficiaries under the will. This claim is based upon section 1822 of the Code of Civil Procedure, as follows: "Where an executor or administrator disputes or rejects a claim against the estate of the decedent, exhibited to him either before or after the commencement of the publication of a notice, requiring the presentation of claims as prescribed by law, the claimant must commence an action for the recovery thereof against the executor or administrator within six months after the dispute or rejection, or if no part of the debt is then due, within six months after a part thereof becomes due. In default whereof, he and all persons claiming under him are forever barred from maintaining such an action thereupon, and from every other remedy to enforce payment out of the decedent's property." We think the appellant is right in her position. The provisions of the statute quoted are not doubtful in expression or difficult of construction.

When a claim against the decedent is presented and the same is disputed or rejected by his personal representative, if it is not referred within six months thereafter, or an action is brought by the claimant to recover it in that time, he is forever barred from maintaining such action and from every other remedy to enforce the same out of the decedent's estate. The executor holds the estate of his testator in trust for his creditors and for his beneficiaries. After a debt or claim presented, as existing against the same, has been paid, or in any other manner discharged as an obligation in fact against the estate, the executor or administrator has no power voluntarily to renew it and reinstate it to the prejudice of the rights of the parties interested. The construction which the court below gave the statute, it seems to us is dangerous, as a power, to confer

upon a simple agent, and is in conflict with the fair interpretation of the intent as expressed in the act.

Judgment was ordered against the estate of the decedent because the executrix had entered into an agreement to refer, notwithstanding the six months limitation of the statute, eighteen months after the claim was rejected, and twelve months after it ceased to have any validity or legal existence as a demand against the estate. That such agreement served to revive the claim and restore it as an existing obligation; that the bar the statute provides does not depend upon the omission of the parties to refer or the claimant to bring his action within six months from the dispute or rejection of the claim, but instead was simply contingent upon the question whether the reference had at any time been agreed upon, although the same was made after the expiration of the limitation. If this construction shall be given the statute, it will be in the power of an executor or administrator, at any time during his official life, to revive any claim which may have been presented, however remote from the time of its rejection, and subject the estate to the contingency of its payment, notwithstanding the law had before pronounced it discharged.

It is held in *Selover* v. *Coe* (63 N. Y., 439), under a preceding statute similar to the above, "where the creditor has presented his claim and the same has been rejected, and six months have elapsed without the bringing of an action to enforce the same, as required by the statute (2 R. S., 89, § 88), this is a defense, not only to an action against the personal representatives of the deceased, but also to any action brought to enforce the claim against heirs-at-law or next of kin." In *Cornes* v. *Wilkin* (79 N. Y., 129), it is held that an offer to refer by the personal representative, made within six months after the claim was rejected by him, did not prevent the operation of the short limitation upon it. The law is settled that a personal representative cannot, by any act of his, restore a claim against the estate he represents which is barred by the six-years statute of limitations. (*Bucklin* v. *Chapin*, 1 Lans., 443; *Bloodgood* v. *Bruen*, 8 N. Y., 362; *McLaren* v. *McMartin*, 36 id., 88; *Matter of Kendrick*, 107 id., 108.) These cases seem to me analogous, and the rule alike applicable to each. While the executor may enter into the agreement to refer, such agreement

does not restore the demand, and the limitation having run the same may be interposed as a defense upon the trial.

The respondent cites *The National Bank of Fishkill* v. *Speight* (47 N. Y., 668), in support of the doctrine contended for by him. The case does not aid him. The claim was presented on the 9th of February, 1869 ; the personal representatives proposed and agreed, in writing, to refer the claim ; and a referee was named therein on the 20th day of February, 1869. No order of reference was entered. Negotiations were conducted between the parties looking to a settlement down to the 18th day of August, 1869, when the defendant informed the plaintiff that the six months had expired since the claim was rejected and he would not pay. The court held that the short statute was not available to defeat the claim upon the ground, principally, that the defendant, the executor, was by his own act estopped from availing himself of the defense. The principle of an equitable estoppel was directly in the case. In this no such question arises. The case of *Hoyt* v. *Bonnett* (50 N. Y., 538) holds the statute penal in its character, and that it must be strictly construed. This principle does not aid the plaintiff since, as we view the case, it is free from all extraneous matter at all affecting the application of the statutory provisions, as they exist, to it ; and leaves it to stand upon the naked proposition as to whether, after the demand ceased as a claim against the estate, the personal representative can enter into an agreement to refer, and whether such agreement, if made, has the effect to revive the claim. We think, both upon principle and upon the authorities, no such effect can be given to the agreement.

Judgment reversed and a new trial granted before another referee, costs to abide event.

All concur.

Judgment reversed on the exceptions and a new trial granted, costs to abide the event.