In the Matter of the Application of SCHUYLER C. BROWN, Respondent, to Compel an Accounting by SUSANNAH I. CLAPP, Administratrix, etc., of CORNELIUS FONDA, Deceased, Appellant.

*Offer by an administrator to have a rejected claim determined on the settlement of his accounts — time within which a creditor must file a consent — delay in giving notice of the rejection of a claim.*

Under section 1822 of the Code of Civil Procedure, where an administratrix rejects a claim against her decedent's estate and within six months thereafter files a written consent that the claim shall be heard and determined upon the judicial settlement of her accounts, a consent filed by the creditor fourteen months after the rejection is ineffective.

The failure of the creditor to either file the consent or sue within six months bars his claim under the short Statute of Limitations.

The failure of an administratrix to give notice of the rejection of a claim against the estate of her intestate, for a considerable time after its presentation, does not of itself operate as an acceptance of the claim which will preclude the administratrix from thereafter rejecting it.

APPEAL by Susannah I. Clapp, administratrix, etc., of Cornelius Fonda, deceased, from an order of the Surrogate's Court of Saratoga

county, entered in said Surrogate's Court on the 14th day of July, 1902, directing the said Susannah I. Clapp to render and file an account of her proceedings as such administratrix.

*James W. Verbeck* and *Charles H. Sturges,* for the appellant.

*Edgar T. Brackett* and *Hiram C. Todd,* for the respondent.

SMITH, J. :

This appeal presents the single question whether, under section 1822 of the Code of Civil Procedure, a creditor must file his consent to a hearing of the claim before the surrogate within six months after the rejection to save the claim from the short Statute of Limitations. The facts are conceded. After the rejection of the claim by the defendant, her consent under section 1822 was duly filed within the six months. The creditor, however, did not file his consent until fourteen months after the rejection, and now comes to the surrogate as a creditor of the estate and demands an accounting. The defendant's contention is that the failure of the creditor to file his consent under said section and his failure to commence an action thereupon within the six months has forfeited his right to proceed. The learned surrogate has overruled this contention and upon the application of the creditor has ordered an accounting. An appeal from this order presents the question for our determination.

Under this section, unless the consents be filed by the respective parties, the right of the creditor ceases at the expiration of six months either to bring action or to pursue any other remedy. The natural reading of the section would refer the time for the filing of such consent to a time prior to that when the penalty attaches. The learned surrogate has held, however, that such consents may be filed after six months from the date of the rejection of the claim. If, however, the claim becomes barred without the filing of the consent by either party within the six months, the administratrix clearly would have no right to waive the defense of the statute by thereafter consenting. (*Flynn* v. *Diefendorf,* 51 Hun, 197, and cases cited.) If then, to meet the requirement of the statute, the administratrix must file her consent before the expiration of the six months, it is not probable that the creditor is given a longer time without express words of permission. By section 1836 of the Code

of Civil Procedure this consent must be filed by the administratrix within the six months to protect the estate from the costs of an action which might be brought. If a creditor may delay the filing of his consent until after six months, the administratrix is put in a position of hazard. By filing her consent within the six months she has forfeited the benefit of the statute which would become a complete bar to the claim if the consent of neither party be within that time filed. By failing to file such consent within that time, she has subjected her estate to the peril of costs if an action should be brought upon the last day of the time limited. It cannot be presumed that the Legislature intended to put a representative of an estate in a position where he must gamble for its protection. Again, before the amendment of 1895 (Laws of 1895 chap. 595), the section provided that the short statute should attach unless the claim *is referred*. There was no provision in that statute that such reference must be made before the expiration of the six months. Nevertheless, it was held, under that statute, that both parties must have consented to the reference within the six months in order to save the bar of the short statute. And in a case where the executor had served a stipulation to refer, the creditor lost his right of action by his failure to serve his consent within the time required. (See *Cornes* v. *Wilkin*, 79 N. Y. 129.) In the case of *National Bank of Fishkill* v. *Speight* (47 N. Y. 668) it was held that a mere offer on the part of the executor or administrator to refer was not sufficient to avoid the statute. In 1895 section 1822 was amended, and while the section before provided that the short statute should attach " unless the claim is referred as prescribed by law," the Code, as amended in 1895, provided that the short statute should apply " unless a written consent shall be filed by the respective parties with the surrogate that said claim may be heard and determined by him upon the judicial settlement of the accounts of said executor or administrator as provided by section twenty-seven hundred and forty-three." It seems to me clear that the intent of the amendment was to substitute a consent to a reference to the surrogate for the consent to a reference to a referee, as provided by the section before the amendment. If, under the statute before it was amended, both parties must agree within the six months to the reference, a like reason would require the consent of both parties within

the six months to the hearing before the surrogate. The learned counsel for the respondent calls our attention to the change of phraseology. The former section reads "unless the claim *is* referred," while the present section reads "unless a written consent *shall be* filed." He argues that the change of tense of the verb from the present to the future would indicate an intention to change the rule of law as to the time when the consents must be filed. But inasmuch as the time for the filing of the consent dates from the rejection of the claim, the change in the expression seems to me wholly insignificant. An intent to change the rule of law would certainly be evidenced by language more marked than a mere change in the tense of the verb.

These views are reinforced by a consideration of the reason for the enactment itself. The short Statute of Limitations is imposed to facilitate the settlement of estates and also to enable an executor or administrator to know what claims must be provided for upon such settlement. While the filing of the consent within the six months would leave open the settlement of the claim until the accounting, nevertheless, it might be of advantage to the representative of the estate to know whether the rejected claim was insisted upon or was abandoned. While this consideration would not be of sufficient force in itself to determine the construction of the statute, it has some weight in connection with the other considerations noted in leading us to a conclusion adverse to that reached by the learned surrogate.

The claim of the respondent that the failure of the administratrix to give notice of the rejection of the claim for a considerable time after its presentation constituted an acceptance of the claim, by which she is foreclosed, seems to be answered in *Matter of Callahan* (152 N. Y. 320). The rule is there asserted that "The mere silence on the part of an executor or administrator after the presentation of a claim under the statute against the decedent's estate, accompanied by lapse of time, will not in any case preclude the representative from thereafter contesting its validity."

The order should, therefore, be reversed, with costs.

All concurred.

Order reversed, with ten dollars costs and disbursements.