In re BROWN.

(Supreme Court, Appellate Division, Third Department.　November 12, 1902.)

1. ADMINISTRATION OF ESTATES—DISPUTED CLAIMS—CONSENT TO HEARING—
   TIME FOR FILING
   　　Code Civ. Proc. § 1822, provides that where an executor or adminis-
   trator disputes or rejects a claim, unless a written consent shall be filed
   by the respective parties with the surrogate that it may be heard by him
   upon the judicial settlement of the accounts, the claimant must sue to
   recover thereon within six months after the dispute or rejection, in de-
   fault whereof he will be barred.　*Held*, that the creditor must file his
   consent to the hearing of the claim before the surrogate within six
   months after its rejection, to save it from being barred.

Appeal from surrogate's court, Saratoga county.

Proceeding by Schuyler C. Brown to compel an accounting by
Susanna L. Clapp, as administratrix, etc., of Cornelius Fonda, de-
ceased.　From the order directing the accounting, defendant appeals
Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and
CHASE, JJ.

James W. Verbeck, for appellant.
Edgar T. Brackett, for respondent.

SMITH, J.　This appeal presents the single question whether, un-
der section 1822 of the Code of Civil Procedure a creditor must file
his consent to a hearing of the claim before the surrogate within six
months after the rejection, to save the claim from the short statute
of limitations.　The facts are conceded.　After the rejection of the
claim by the defendant, her consent, under section 1822, was duly filed
within the six months.　The creditor, however, did not file his consent
until fourteen months after the rejection, and now comes to the surro-
gate as a creditor of the estate, and demands an accounting.　The de-
fendant's contention is that the failure of the creditor to file his
consent under said section, and his failure to commence an action
thereupon within the six months, has forfeited his right to proceed.
The learned surrogate has overruled this contention, and, upon the
application of the creditor, has ordered an accounting.　An appeal
from this order presents the question for our determination.

Under this section, unless the consents be filed by the respective
parties, the right of the creditor ceases at the expiration of six months
either to bring action or to pursue any other remedy.　The natural
reading of the section would refer the time for the filing of such con-
sent to a time prior to that when the penalty attaches.　The learned
surrogate has held, however, that such consents may be filed after six
months from the date of the rejection of the claim.　If, however, the
claim becomes barred without the filing of the consent by either party
within the six months, the administratrix, clearly, would have no right
to waive the defense of the statute by thereafter consenting.　Flynn
v. Diefendorf, 51 Hun, 197, 4 N. Y. Supp. 934, and cases cited.　If,
then, to meet the requirement of the statute, the administratrix must
file her consent before the expiration of the six months, it is not prob-

able that the creditor is given a longer time, without express words of permission. By section 1836 of the Code of Civil Procedure, this consent must be filed by the administratrix within the six months; to protect the estate from the costs of an action which might be brought. If a creditor may delay the filing of his consent until after six months, the administratrix is put in a position of hazard. By filing her consent within the six months, she has forfeited the benefit of the statute, which would become a complete bar to the claim if the consent of neither party be within that time filed. By failing to file such consent within that time, she has subjected her estate to the peril of costs if an action should be brought upon the last day of the time limited. It cannot be presumed that the legislature intended to put a representative of an estate in a position where he must gamble for its protection. Again, before the amendment of 1895 the section provided that the short statute should attach unless the claim is referred. There was no provision in that statute that such reference must be made before the expiration of the six months. Nevertheless, it was held, under that statute, that both parties must have consented to the reference within the six months, in order to save the bar of the short statute. And in a case where the executor had served a stipulation to refer, the creditor lost his right of action by his failure to serve his consent within the time required. See Cornes v. Wilkin, 79 N Y. 129. In the case of Bank v. Speight, 47 N. Y. 668, it was held that a mere offer on the part of the executor or administrator to refer was not sufficient to avoid the statute. In 1895, section 1822 was amended, and, while the section before provided that the short statute should attach unless "the claim is referred as prescribed by law," the Code, as amended in 1895, provided that the short statute should apply "unless a written consent shall be filed by the respective parties with the surrogate that said claim may be heard and determined by him upon the judicial settlement of the account of said executor or administrator as provided by section 2743." It seems to me clear that the intent of the amendment was to substitute a consent to a reference to the surrogate for the consent to a reference to a referee, as provided by the section before the amendment. If, under the statute before it was amended, both parties must agree within the six months to the reference, a like reason would require the consent of both parties within the six months to the hearing before the surrogate. The learned counsel for the respondent calls our attention to the change of phraseology The former section read, "unless the claim is referred," while the present section reads, "unless a written consent shall be filed." He argues that the change of tense of the verb from the present to the future would indicate an intention to change the rule of law as to the time when the consents must be filed. But inasmuch as the time for filing of the consent dates from the rejection of the claim, the change in the expression seems to me wholly insignificant. An intent to change the rule of law would certainly be evidenced by language more marked than a mere change in the tense of the verb.

These views are re-enforced by a consideration of the reason for the enactment itself. The short statute of limitations is imposed to facilitate the settlement of estates, and also to enable an executor or ad-

ministrator to know what claims must be provided for upon such settlement. While the filing of the consent within the six months would leave open the settlement of the claim until the accounting, nevertheless it might be of advantage to the representative of the estate to know whether the rejected claim was insisted upon or was abandoned. While this consideration would not be of sufficient force in itself to determine the construction of the statute, it has some weight, in connection with the other considerations noted, in leading us to a conclusion adverse to that reached by the learned surrogate.

The claim of the respondent that the failure of the administratrix to give notice of the rejection of the claim for a considerable time after its presentation constituted an acceptance of the claim, by which she is foreclosed, seems to be answered in Re Callahan's Estate, reported in 152 N Y., at page 320, 46 N. E. 486. The rule is there asserted that "the mere silence on the part of an executor or administrator after the presentation of a claim under the statute against the decedent's estate, accompanied by lapse of time, will not in any case preclude the representative from thereafter contesting its validity."

The order should therefore be reversed, with costs.

Order reversed, with $10 costs and disbursements. All concur.