(109 App. Div. 106.)

### GARDNER v. PITCHER et al.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

1. EXECUTORS AND ADMINISTRATORS—CLAIMS—LIMITATIONS.

After a claim against the decedent's estate is once barred by limitations, the administrator has no power to voluntarily renew or reinstate it, to the prejudice of the parties in interest.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 750, 1754; vol. 33, Cent. Dig. Limitation of Actions, § 582.]

2. SAME—PRESENTATION BY AGENTS.

Where a claim against a decedent's estate was presented to the administrator for allowance by agents of the claimant, and was rejected by such administrator, such rejection would be binding on the claimant, though he was not informed thereof, or was informed by such agents that the claim was not rejected.

3. SAME—ORAL REJECTION—LIMITATIONS.

Verbal rejection of a claim by an administrator is sufficient to set in operation the short statute of limitations prescribed by Code Civ. Proc. § 1822, requiring suit on such claims to be brought within six months after rejection.

4. SAME—EVIDENCE—QUESTION FOR JURY.

In a suit on a claim against a decedent's estate, evidence *held* to require submission to the jury of the question whether the claim was presented to the administrator for allowance on two different occasions by agents of the claimant, and on each occasion rejected by the administrator.

5. BILLS AND NOTES—LIABILITY OF INDORSER—ACTIONS—COMPLAINT.

The maker and indorser of a note being jointly and severally liable, and not joint obligors, a complaint in an action on a note against the indorser's administrator was not defective for failure to allege that plaintiff had exhausted his remedies against the maker.

6. APPEAL—EXCEPTIONS AT TRIAL—REVIEW.

Where no exception was taken at the trial to alleged improper remarks of the trial judge, they will not be reviewed on appeal.

7. EXECUTORS AND ADMINISTRATORS—ACTIONS—COSTS.

Where an administrator of the indorser of a note had no defense on the merits, and the only issue presented by him was whether the claim based thereon had been presented and rejected, and its collection barred by the short statute of limitations, which was determined against him, he was properly held to have unreasonably resisted and neglected payment of the claim, within Code Civ. Proc. § 1836, authorizing taxation of costs in such event against the administrator, payable out of the estate.

Williams and Nash, JJ., dissenting.

Appeal from Trial Term, Jefferson County.

Action by Gilbert L. Gardner against William W. Pitcher and against Joseph Nellis, as administrator of the estate of Wilbur F. Porter, deceased. From a judgment in favor of plaintiff, and from an order denying defendant administrator's motion for a new trial, and awarding costs against the administrator, payable out of the estate, he appeals. Affirmed.

The action was commenced on the 22d day of September, 1904, to recover a balance alleged to be due and owing upon a promissory note made by the defendant Pitcher, payable to the order of the plaintiff, and indorsed by Wilbur F. Porter, deceased, defendant Nellis' intestate.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Joseph Nellis, for appellant.
I. R. Breen, for respondent.

McLENNAN, P. J. Upon this appeal the genuineness of the note or the fact of its indorsement by appellant's intestate is not questioned. The note was dated "Adams, N. Y., January 19th, 1901," was for $415, payable six months after date, and, as stated, was indorsed by appellant's intestate. On the 19th day of July, 1901, the day when the note became due, it was duly protested for nonpayment and notice thereof was given to the maker and to Nellis, as administrator of the estate of the indorser, Porter; he having died on the 19th day of May previous. On the day when the note became due $112.45 was paid and indorsed thereon, and it is not claimed that any other payments have been made. The administrator only defended. He asks for a reversal of the judgment upon the ground, among others, that the evidence conclusively establishes that the claim was presented to and rejected by him as administrator more than six months before the action was brought, and therefore that the short statute of limitations, section 1822 of the Code of Civil Procedure, is a bar to a recovery in this action. The section, so far as it is important to note, provides that, where an administrator disputes or rejects a claim against the estate of a decedent exhibited to him, the claimant must commence an action for the recovery thereof against the administrator within six months after the dispute or rejection, and that in default thereof such claimant and all persons claiming under him are forever barred from maintaining any action to enforce payment of the same.

In rendering its verdict in favor of the plaintiff, the jury necessarily found that the claim in question had not been exhibited to and disputed or rejected by the administrator more than six months before the commencement of this action. The appellant insists that there is no evidence to support such finding, and in any event that it was contrary to and against the weight of the evidence. Appellant's contention makes it necessary to review the evidence upon that issue. As we have seen, the note was made on the 19th day of January, 1901. It became due on the 19th day of July, 1901. It

was duly protested for nonpayment on that day, and on the 19th day of May previous the indorser Porter died. Concededly on the 18th day of December, 1901, the plaintiff caused a formal notice of such claim to be prepared, which he signed and verified before one G. W. Hannahs, a notary public and at the time cashier of the Farmers' National Bank of Adams, the village where he and the plaintiff resided. The plaintiff admits that he authorized and requested Hannahs to present such claim, thus formally made out and verified, to the appellant. Hannahs swears positively that he did so present the claim early in January, 1902; that the administrator rejected it; and that he (Hannahs) immediately informed the plaintiff of such rejection. No witness contradicts the evidence of Hannahs, except the plaintiff testifies that Hannahs did not tell him that the administrator rejected the claim, but, on the contrary, told him that the administrator wanted to see him (the plaintiff) about the claim, practically for further negotiations respecting it. Another witness, a Mr. Brown, testified in substance that in the spring of 1903 the plaintiff delivered the note in question to the witness and asked him to present the same to the administrator and demand payment thereof; that he did so, and that the claim was rejected; and that he immediately informed the plaintiff of such fact. The evidence of Brown is also uncontradicted, except the plaintiff testifies that Brown did not tell him that the claim had been rejected by Nellis, but, on the contrary, states that Brown told him that Nellis said, in substance, he would pay the note if the plaintiff would procure an affidavit to the effect that there were no offsets to the claim. So far as appears the two witnesses referred to were men of good reputation and standing, were in no manner interested, and were not discredited upon the trial.

If the note was presented and rejected in January, 1902, it is entirely immaterial what was done in that regard in the spring of 1903; for long before that the claim had become barred by the statute, and nothing which the administrator could do could have reinstated it as a valid claim against his intestate. Again, if the claim was presented and rejected by the administrator in the spring of 1903, and nothing further was done in respect to it until the commencement of this action, the claim was also effectually barred by the statute. After a claim is once barred by the statute the administrator has no power or authority to voluntarily renew it or reinstate it to the prejudice of the parties in interest. Flynn v. Diefendorf, 51 Hun, 194, 4 N. Y. Supp. 934. It is equally well settled that, if the claim in question was presented by Hannahs or Brown and rejected by the administrator, such rejection would have been binding upon the plaintiff, even although he was not informed of such rejection or had been misinformed by such parties, the agents selected by him to present the claim. Peters v. Stewart, 2 Misc. Rep. 357, 21 N. Y. Supp. 993. The rule is stated in Dillon v. Anderson, 43 N. Y. 231, at page 238, as follows:

"Notice to the agent is notice to the principal, if the agent comes to the knowledge of the fact while he is acting for the principal in the course of the very transaction, which becomes the subject of the suit."

It is also considered that a verbal rejection is sufficient to set the statute in operation. Peters v. Stewart, supra. It is entirely immaterial whether the plaintiff was ever informed that the claim had been rejected by the administrator, if such was the fact; the witnesses referred to having been authorized to present such claim. Cox v. Pearce, 112 N. Y. 637, 20 N. E. 566, 3 L. R. A. 563. So that the important question is whether the claim was rejected.

There is no dispute but that it was presented early in January, 1902, and again in the spring of 1903. The evidence of the two witnesses to whom we have referred is to the effect that it was rejected at the times when the claim was respectively presented by them; but the fact of such rejection rests upon their evidence, and the plaintiff testifies that at the time, and apparently when there could be no purpose served by misstatement by them to him, they told him, in substance, that the claim had not been rejected by the administrator. The jury had a right to find that the witnesses Hannahs and Brown stated to the plaintiff, as testified by him, that the administrator did not reject the claim, and, if so, the jury had a right to find that the evidence given upon the trial by them that such claim was rejected by the administrator was not true. After the plaintiff had testified as to what he was informed by Hannahs and Brown as to the attitude of the administrator respecting the claim, the court stated to appellant's counsel, in substance, that if he was surprised, or wished to recall such witnesses to explain or contradict the testimony given by the plaintiff, the trial would be suspended for such time as would enable him to do so. The counsel refused to avail himself of such opportunity. It appears, also, that the administrator himself was in court, practically conducting the defense as attorney in person, and that he did not avail himself of the opportunity which was open to him to go upon the stand and testify that the claim was presented to him as stated by the witnesses Hannahs and Brown, and that in each case it was rejected by him. That was the sharp issue in the case, and we think it significant that the administrator did not testify that the claim had been rejected by him, if such was the fact. We think clearly that the question whether or not the claim had been presented in January, 1902, or in the spring of 1903, and upon each occasion rejected, was a question of fact for the jury, and that upon all the evidence and considering all the circumstances disclosed by the record we would not be justified in determining that the finding of the jury upon that issue was contrary to or against the weight of the evidence.

It is urged by the appellant that the complaint should have been dismissed, because it failed to allege that the plaintiff had exhausted his remedy against Pitcher, the maker of the note, or that he was insolvent. We think such allegation is only necessary in an action brought to enforce a claim against joint obligors. In this case the obligation of Porter was joint and several. If he had been living an action could have been brought against him alone to recover the amount of the note, and therefore we think the learned trial court properly denied appellant's motion to dismiss the complaint.

It is urged that the court in the course of the trial made certain remarks which were improper, and which would naturally tend to influence the jury adversely to the defendant, and that the court committed error in refusing to charge certain requests submitted by the appellant. We think it sufficient to say that no exception was taken which presents any of the alleged errors complained of, and in this case we think the court is not called upon to exercise its discretion for the purpose of reviewing an alleged error not raised by objection or exception, in order to give force and effect to the statute in question, which has been held to be highly penal. Elliott v. Cronk's Adm'rs, 13 Wend. 35; Broderick v. Smith, 3 Lans. 26; Potts v. Baldwin, 67 App. Div. 434, 74 N. Y. Supp. 655.

Only a word need be said respecting the order awarding costs against the administrator, payable out of the estate. So far as disclosed by the evidence, there was no defense to the note in question upon the merits. The only issue, as we have seen, was whether it had been presented and rejected, and its collection thereby barred by the short statute of limitations. As to that defense the appellant had full knowledge of the facts, and upon such facts, as found by the jury, we think the administrator unreasonably resisted and neglected the payment of plaintiff's claim, within the meaning of section 1836 of the Code of Civil Procedure, and therefore that the order as to the payment of costs was proper. It follows that the judgment and orders appealed from should be affirmed, with costs to the respondent, payable out of the estate.

Judgment and orders affirmed, with costs to respondent, payable out of the estate. All concur, except WILLIAMS and NASH, JJ., who dissent.