Determination unanimously confirmed, with costs.

---

In the Matter of the Judicial Settlement of the Estate of POLLY L. MARTIN, Deceased.

ORANGE COUNTY TRUST COMPANY, as Surviving Executor and Trustee, etc., Appellant; WILLIAMS & CONLON, Respondents.

*Surrogate — jurisdiction — right to determine claim on final settlement of account — stipulation.*

Appeal by the Orange County Trust Company, as surviving executor and trustee under the last will and testament of Polly L. Martin, deceased, from so much of the final decree of the Surrogate's Court of Delaware county, entered in said Surrogate's Court on the 26th day of February, 1912, as directs the payment to Williams & Conlon, claimants, of the sum of $206.76 in full of all claims against the estate of the decedent, and the sum of $250 for costs and allowances.

Decree of the Surrogate's Court affirmed, with costs. All concurred, except Kellogg and Woodward, JJ., dissenting, the latter in opinion.

WOODWARD, J. (dissenting): There is no dispute that on the 27th day of January, 1911, the respondents, Williams & Conlon, served upon the executors the claim in question, amounting to $241.56, for services alleged to have been rendered to the deceased between the 14th day of July, 1897, and August, 1907. This claim was rejected by the executors by a notice in writing, which was served upon one of the members of the firm of Williams & Conlon on the 1st day of March, 1911. On the 25th day of April, 1911, a consent in writing was signed by the executors and claimants, agreeing and consenting by and between the parties that "the said claim may and shall be submitted to the surrogate of the county of Delaware for hearing and determination by him upon the judicial settlements of the accounts of said executors." This was unquestionably intended by the parties as one of the steps to bring the matter before the surrogate upon the judicial settlement of the account, under the provisions of section 1822 of the Code of Civil Procedure, and if the same had been filed with the surrogate within the time fixed by law there would have been no question

of the jurisdiction of the surrogate to determine the validity and amount of the claim. This was not done. The six months' limit fixed by the statute expired on the 1st day of September, 1911, and the consent was not filed until the eighteenth day of that month. The facts appearing as above upon the judicial settlement, the counsel for the executors moved to dismiss the claim on the ground that the surrogate was without jurisdiction to determine its validity, and that such claim was barred by the short Statute of Limitations, as fixed by section 1822 of the Code of Civil Procedure. The learned surrogate denied the motion, holding that the written agreement was something more than the consent required by the statute; that it was in the nature of a stipulation or waiver, and proceeded to the determination of the claim upon the merits, finding in favor of the respondents. The executor appeals from the decree, in so far as it allows the claim of the respondents, and their costs and allowances. In the view which we take of the matter it is not necessary to consider the merits of this claim, a portion of which appears to have been barred by the Statute of Limitations, which it was the duty of the executors to assert. (*Schutz* v. *Morette*, 146 N. Y. 137, 143, and authorities there cited.) The claimant, within six months of the time of rejection of the claim and notice thereof, was bound to either file the consent or to bring an action, in order to preserve his rights. (*Matter of Brown*, 76 App. Div. 185.) The statute makes the filing of the consent by both parties a condition of the jurisdiction of the surrogate, and the surrogate has no jurisdiction of the subject-matter without such filing. Consent may give jurisdiction of the person where the court has jurisdiction of the subject-matter, but we know of no rule of law which permits parties to enlarge upon the jurisdiction of tribunals of the subject-matter by stipulation. (*Matter of Walker*, 136 N. Y. 20, 29.) But here there was no attempt to stipulate an increase of the jurisdiction; the parties merely joined in a written consent, and if the claimants had filed the paper there would have been a full compliance with the statute. But it was not filed, and the surrogate had no jurisdiction to determine the questions involved. The decree, in so far as appealed from, should be reversed, with costs to the appellant, and the same should be sent back for a final adjustment of the account in harmony with this opinion.