EXECUTORS AND ADMINISTRATORS ⬤=241—SETTLEMENT OF ACCOUNTS—REJECTED CLAIM—LIMITATION OF ACTIONS.

Under Code Civ. Proc. § 2681, as it existed on July 20, 1915, relating to the trial of a rejected claim against a decedent's estate and limiting the time for commencement of action on such claim, where no written consent that a claim be heard at final settlement is filed, an action on the claim is barred after three months from its rejection, but in such case the claim is to be tried and determined on the judicial settlement.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 827, 849; Dec. Dig. ⬤=241.]

In the matter of the estate of Frederick Messing, deceased. On motion to dismiss claim. Motion denied.

Dow Vroman, of North Tonawanda, for claimant.
Smith & Maldiner, of North Tonawanda, for executrices.

FISH, S. The claim of William H. Kinzly was duly presented to the executrices. It was rejected July 20, 1915, at which time section 2681 of the Code as amended by chapter 443 of the Laws of 1914 was in force. This section was further amended by chapter 644, Laws of 1915,

taking effect September 1, 1915. No written consent that said claim be heard and determined upon the judicial settlement of the accounts of the executrices has been filed in the surrogate's office and no action was brought for the recovery thereof within three months after its rejection. The executrices assert that the claim is barred under the terms of said section as it read at the time of the rejection of the claim.

Said section 2681 was a consolidation of former sections 2718 and 1822 of the Code redrafted and amended. The part containing the short statute of limitations is taken from section 1822 and it was well settled that this section 1822 was highly penal and should be strictly construed (Broderick v. Smith, 3 Lans. 26); and said section 2681, so far as the statute of limitations therein contained is concerned, is likewise highly penal and should be strictly construed. It is to be noted that said former section 1822 not only barred claimant from maintaining an action on his claim, but also "from every other remedy to enforce payment thereof out of decedent's property." In the consolidated section 2681, as amended, the claimant is "forever barred from maintaining such an action," and the above-quoted words from said section 1822 are omitted, thereby indicating that the Legislature in the consolidated section did not intend to bar claimant from anything except the bringing of an action on his claim and intended to leave him open to pursue his remedy in the Surrogate's Court.

I think the true meaning of said section 2681 as it existed on July 20, 1915, is that where a written consent is not filed an action on the claim is barred after three months from its rejection; but in such case the claim is to be tried and determined on the judicial settlement. Judge Heaton, who wrote the section, so construed it in his work on Surrogates' Courts, last edition, at pages 1162, 1163.

Motion to dismiss claim denied.