## Susannah Van Saun v. Ann Farley.

In order to set in motion the short limitation, in favor of an executor or administrator, due notice of the rejection of the claim presented to him by the creditor must be given to the creditor himself. A notice to an attorney, who had been employed by the creditor to make out in legal shape and present the claim, is not notice to the creditor.

Appeal by defendant from a judgment of this court, entered on the decision of a judge at trial term. The facts are as follows:

James Farley and Evariste Martin were on the first day of July, 1865, copartners under the name of Martin & Farley, and on that day made and indorsed the promissory notes in suit, and delivered the same to the plaintiff.

Prior to the 1st of July, 1865, the plaintiffs, James Farley and Evariste Martin were copartners, and at about that date the firm was dissolved, and Madam Farley agreed to hold the plaintiff harmless from all costs, losses or expense on account of the firm of Van Saun, Martin & Farley, which firm then owned a lease of certain premises, the yearly rent of which was $3,000, and payable quarterly. Of this rent the plaintiff was compelled to pay $1,500. James Farley died intestate January 19th, 1866. The defendant, Ann Farley, was appointed his admin-

istratrix January. 26th, 1866, and pursuant to an order of the surrogate, dated September 4, 1866, inserted a notice once in each week, commencing September 15th, 1866, in two newspapers published in the city of New York, requiring all persons having claims against the estate of James Farley to present the same to her at the office of Callaghan & McGurk, No. 39 Nassau street, on or before March 20th, 1867.

The plaintiff employed Thomas D. Robinson, an attorney and counsellor at law to prepare and present her claim, pursuant to said notice, and on the 16th day of March it was duly presented by Robinson, and on the 22d day of March, 1869, Callaghan & McGurk, acting as the attorneys for the defendant, served at the office of Thomas D. Robinson a notice in these words:

"To Susannah Van Saun—

"The claims presented by you against the estate of James Farley, deceased, on the 16th day of March, 1867, amounting in all to the sum of $25,184 $\frac{26}{100}$, are disputed and rejected by the administratrix of the said estate.

"Dated, New York, March 22d, 1867. Yours, &c. (signed), Callaghan & McGurk, Attorneys for Ann Farley, Administratrix of estate of James Farley, deceased."

On or about the same day the notice was brought to Robinson's attention, but never prior to the commencement of this action came to the knowledge or notice of the plaintiff.

In February, 1869, the plaintiff offered to refer her claim. In June, 1869, this action was commenced to recover a portion of the items embraced in the claim presented to the defendant.

The answer of the defendant was that the causes of action mentioned in the complaint were barred by the short statute of limitations.

*P. Callaghan* and *W. Gleason*, for appellant.

*Amos G. Hull*, for respondent.

By the Court.*—Van Brunt, J.—The only question which

* Present, Daly, Ch. J., Van Brunt and Larremore, JJ.

it is necessary to consider in this case is, was the claim rejected by the defendant? It is claimed, upon the part of the defendant, that the service of the notice of rejection at the office of Mr. Robinson, on the 22d day of March, 1867, was sufficient to set the short statute of limitations in motion, and consequently this action, not being brought within six months after the alleged rejection of the claim, is barred by that statute.

It will not be pretended that a mere rejection of a claim, without notice of such rejection to the owner of the claim, would set the statute in motion, because there is no other way than such notice by which the owner of the claim can be made aware that his action must be commenced within six months after such rejection, or his right to bring an action will be lost. The statute does not mean, by rejection, merely a mental emotion, but the action of the mind must be followed by some outward act by which the owner of the claim may be apprised of the result arrived at. It has been repeatedly held that this statute, unlike the other statute of limitations, is not a statute of repose, but is rightly penal in its character, and should be strictly construed (*Broderick* v. *Smith*, 3 Lans. 27, and cases there cited).

The party then invoking the aid of the statute must show a strict compliance with all its provisions. We have already shown, that in order to make a rejection of a claim complete, notice must be given to the owner of such claim. In this case, such notice was left at the office of the attorney who was employed by the plaintiff to make out her claim in legal shape, and cause it to be properly presented. Mr. Robinson was her attorney for this purpose, and there is no evidence that he was such for any other purpose. If defendant chose to serve the notice of rejection upon Mr. Robinson, it was her duty to show that the plaintiff had authorized him to act for her in the receipt of such a notice of rejection. No such authority is shown. Nothing is to be implied in order to enable the defendant to avail herself of the statute. It appears that prior to the commencement of this action, the plaintiff never was apprised of the existence of such a notice of rejection, and for the reasons above stated, we are of the opinion that the service of the notice upon Mr. Rob-

inson was not sufficient to set the statute in motion, and debar the plaintiff from commencing this action after the lapse of six months from the time of the service of such notice.

The judgment must be affirmed, with costs.

Judgment affirmed.