## PETERS v. STUART.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. CLAIMS AGAINST DECEDENTS—LIMITATION OF ACTIONS.
    Where an administrator, on the presentation of a claim against his decedent, told the claimant's agent, who presented the claim, that he disputed and rejected it, it was sufficient to set the bar of the statute running; Code Civil Proc. § 1822, providing that an action on such claim must be commenced within six months after the dispute or rejection of it. 20 N. Y. Supp. 661, reversed.

2. SAME—REJECTION—NOTICE TO AGENT.
    Where an agent has authority from the claimant to present a claim to an administrator, he has also authority to receive on claimant's behalf notice that the administrator accepted, disputed, or rejected the claim.

8. SAME—SERVICE OF NOTICE.
    A written notice by an administrator rejecting a claim was left at claimant's house with a person of suitable age, who thereupon informed the bearer that claimant "was not home." *Held,* that such information apprised the administrator only of the temporory absence of claimant, or that she was not at home to visitors; and the service was equivalent to personal notice, and set the bar of the statute running. though claimant did not receive the notice till two weeks later; Code Civil Proc. § 797, providing that such notice may be served by leaving it at the party's residence with a person of suitable age and discretion.

Appeal from city court, general term.

Action by Catharine A. Peters against Sidney H. Stuart, as administrator of Sarah A. Peck, deceased. From an order of the general term of the city court (20 N. Y. Supp. 661) affirming a judgment entered on a verdict of a jury in favor of plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Theodore N. Melvin, for appellant.
Seaman Miller, for respondent.

BOOKSTAVER, J. The action was brought to recover $333, alleged by plaintiff to be a claim against the estate of defendant's intestate to Sarah A. Peck for board and rooms, washing, care of deceased, preparing body for burial, and use of plaintiff's house for burial, less a credit of $72. The prime question to be determined on this appeal is whether the action is barred by the short statute of limitations. The claim of plaintiff, together with that of her sister, was presented to defendant, as administrator, on November 17, 1890. He then told the person who presented these claims that he disputed and rejected them, and two days thereafter he signed and had left at plaintiff's house a formal notice in writing, disputing and rejecting her claim. The summons in this action was served upon defendant on the 23d May, 1891. The statute expressly

declares that an action upon such a claim must be commenced within six months after the dispute or rejection of it. Code Civil Proc. § 1822. The time of publication of the notice to present the claim is immaterial; the bar runs from the rejection, and not from the commencement or end of publication of notice, (Id.;) and it applies to claims accrued subsequent to as well as prior to the death of the intestate, (Cornes v. Wilkin, 14 Hun, 428, affirmed 79 N. Y. 129.) We think the rejection was ample to effect its purpose. It is true, as stated in Van Saun v. Farley, 4 Daly, 165: "The statute does not mean by rejection merely a mental emotion, but the action of the mind must be followed by some outward act, by which the owner of the claim may be apprised of the result arrived at." But here, we think, there was much more than a mere mental emotion. There is no statute or rule of law which requires the notice of rejection to be in writing, or in any particular form. In this case, when the claim was presented, it was immediately disputed and rejected, and the bearer of the claim was so informed at the time. This, we think, was sufficient. If the agent presenting the claim had authority to present it to the administrator, it necessarily follows that he had authority to receive on plaintiff's behalf notice that he accepted or disputed and rejected it. Where a creditor sends a person to collect a claim of a debtor, the latter certainly is authorized to receive and receipt for any money that may be paid him on account of that claim; and where one sends an agent to make a demand of any kind the answer of the person on whom the demand is made is good when given to the agent, and in law is considered as if given to the principal personally. "Qui facit per alium facit per se" is one of the oldest and best-established maxims of the law. Hence we think the statute commenced to run at the time of the verbal notice that the claim was disputed and rejected. But this was followed up by a written notice to the same effect, within two days thereafter, which was left at the house of the plaintiff during her temporary absence, with a person of suitable age and discretion; and the bearer was informed that she "was not in," according to the testimony of defendant's witness, and that she "was not home," according to the testimony of plaintiff's witness; and on the trial it appeared that she did not actually receive it until two weeks after it was served. Even taking the plaintiff's testimony that she was not at home, we do not think that this was sufficient answer to apprise the defendant that she was absent more than temporarily, or was not at home to visitors, —a common expression used by servants when a party does not wish to be seen, although in the house at the time. By section 796 of the Code it is provided that a notice or other paper in an action may be served on a party or an attorney either by delivering it to him personally or in the manner prescribed in the next section; and subdivison 4 of section 797 provides that such notice may be served "upon a party by leaving the paper at his residence within the state between six o'clock in the morning and nine o'clock in the evening with a person of suitable age and discretion." While it is true that, "where any statute, or the terms of it, require notice to be given, and there is nothing in the context of the statute or in the contract, or in the circumstances of the case. to

show that any other notice was intended, a personal notice must always be given; but the context or circumstances of the case may be such as to show that a personal notice was not intended, and in such case a notice by mail, which is the ordinary mode of giving notice in business transactions, is authorized." We think that the written notice left at the house of the plaintiff under the circumstances of this case was equivalent to a personal notice, and also set the statute running, and for this reason, too, the complaint should have been dismissed.

It has been said that the statute of limitations is a technical defense lacking merit, but it is a defense which the law gives, and as such is entitled to its full weight. "An executor is bound to set up the bar of the statute, and he would not be allowed in his accounting any sum paid upon a debt which at the time of its payment by him was barred by such statute." Butler v. Johnson, 111 N. Y. 212.[1] "Statutes of limitation form part of the legislation of every government, and are everywhere regarded as conducive, and even necessary, to the peace and repose of society." Godden v. Kimmell, 99 U. S. 201. "Statutes of limitation are vital to the welfare of society, and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. An important public policy lies at their foundation. They stimulate to activity and punish negligence. Mere delay, extending to the limit prescribed, is itself a conclusive bar. The bane and the antidote go together." Wood v. Carpenter, 101 U. S. 135. We think, therefore, that the court erred in refusing the motion of defendant to dismiss the complaint on these grounds; and we regret this result the less on account of the extremely unsatisfactory and hazy nature of the testimony offered on plaintiff's behalf to support the claim for board of deceased, alleged to be due, and because we think the charges of the plaintiff, not being a professional nurse, for attention during the deceased's illness, and for services rendered in subsequently preparing the body for burial, not being supported by any agreement to pay for them, are of doubtful validity, under Hewett v. Bronson, 5 Daly, 1. The judgment should therefore be reversed, with costs to the appellant on this appeal and in the court below. All concur.