## LOCKWOOD v. DILLENBECK.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. ESTATES OF DECEDENTS—CLAIMS AGAINST—REJECTION—NOTICE OF REJECTION—SUFFICIENCY OF NOTICE.

Where one having a claim against the estate of a decedent caused it to be prepared by a member of a firm of attorneys, and it was served on the executor, indorsed by the firm, service of notice of rejection of the claim on such firm was sufficient, though the actual employment of the attorney had been limited to a preparation of the claim.

2. SAME—ATTORNEY AND CLIENT—RETAINER.

Where a client retains a member of a firm of attorneys in the absence of any stipulation that such attorney shall alone attend to the client's business, there is a retainer of the firm.

Appeal from Trial Term, Kings County.

Action by Phebe E. Lockwood against Morris H. Dillenbeck, as executor under the will of Anna E. St. John, deceased. Appeal by plaintiff from an order setting aside a verdict in her favor and granting defendant a new trial. Affirmed.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

John H. Corwin, for appellant.

Morris A. Tyng (Frank Z. Demarest, on the brief), for respondent.

JENKS, J. The plaintiff appeals from an order setting aside her verdict and granting a motion for a new trial, made on the minutes. The action is for breach of a contract made by the defendant's testator. One of the defenses is that the action was not begun within six months after the rejection of the claim presented to the defendant. The question whether the attorneys who presented

the claim in behalf of the plaintiff were authorized to receive the rejection was submitted to the jury. After the verdict, which involved a finding of no authority, the court, upon the motion for a new trial, concluded that the question was one of law, that there was a rejection thereof under section 1822 of the Code of Civil Procedure, and granted the new trial upon that ground.

The defendant required presentation of claims before. May 4, 1903. This claim was prepared by an attorney, Mr. Corwin, at the instance of the plaintiff. The plaintiff received it, signed and verified it, and sent it back to him. It was indorsed, "New York County Surrogate's Court. In the Matter of the Estate of Anna E. St. John, deceased. Original proof of claim of Phebe E. Lockwood. Harris, Corwin, Gunnison & Meyers, Attorneys for Phebe E. Lockwood, 150 Nassau Street, New York City." Mr. Corwin was a member of that firm of attorneys. The claim was served at his instance upon the defendant, and received by him on March 3, 1903. A notice of rejection, dated May 5, 1903, addressed to the claimant, was delivered to one of the members of that firm at their office on May 6, 1903. This action was begun on November 25, 1903. The claim was served pursuant to certain statutory legal procedure. The executor knew that its purpose was to require his decision, which might lead to legal proceedings if the claimant desired its payment. It was entirely natural that the claimant should present her claim by an attorney at law. As it was signed and verified by the claimant and indorsed by a firm of attorneys, the executor had the right to presume that they were her duly authorized attorneys to present the claim to him. In the absence of all evidence to the contrary, I think that the executor had a right to assume that the authority to present the claim carried the authority to receive the formal disposition thereof which the statute contemplated in answer thereto. It is to be noted that he addressed his rejection to the claimant, and merely sent it back through the same channel to the only address written upon the claim. The executor's action was the next direct step in the very business which had been apparently intrusted to these attorneys, and was directly invited by the action taken by them.

In Jenney v. Delesdernier, 20 Me. 183, 192, Shepley, J., says:

"The extent of an agency is properly determined when the intentions of the principal and agent are ascertained. What are the intentions of the client and attorney when the one intrusts to the other a demand to be collected or a claim to be enforced? If the client were asked if he intended that his attorney should release or discharge the cause of action without payment or satisfaction, the answer would be that he did not. Again, if asked if he intended that his attorney should select, control, and manage the proces-ses and remedies to be resorted to for the purpose of collecting or enforcing his claims, the answer would be that he did; that he did not know the law, and could not judge of these matters; and that he expected that his attorney was informed, and could properly decide upon them. The responses of the attorney to these questions would be similar to those of his employer."

Story on Agency (section 140) says:

"Upon a similar ground, notice of facts to an agent is constructive notice thereof to the principal himself, where it arises from, or is at the time con-

nected with, the subject-matter of his agency; for upon general principles of public policy it is presumed that the agent has communicated such facts to the principal; and, if he has not, still, the principal having intrusted the agent with the particular business, the other party has a right to deem his acts and knowledge obligatory upon the principal, otherwise the neglect of the agent, whether designed or undesigned, might operate most injuriously to the rights and interests of such party."

In Dillon v. Anderson, 43 N. Y. 231, 238, the court say:

"Notice to the agent is notice to the principal, if the agent comes to the knowledge of the fact while he is acting for the principal in the course of the very transaction which becomes the subject of the suit. Bank of U. S. v. Davis, 2 Hill, 451–461."

In Henry v. Allen, 151 N. Y. 1, 9, 45 N. E. 355, 36 L. R. A. 658, the court, per Vann, J., say that the general rule "rests upon the duty of disclosure by the former to the latter of all the material facts coming to his knowledge with reference to the subject of his agency, and upon the presumption that he·has discharged that duty." See, too, Ingalls v. Morgan, 10 N. Y. 178. The learned counsel for the appellant cites Van Saun v. Farley, 4 Daly, 165, as conclusive. I think it should not be followed. In that case the plaintiff employed an attorney to prepare and present her claim, which he did, receiving a rejection which was not brought to the attention of the plaintiff. The learned court say (page 167):

"It will not be pretended that a mere rejection of a claim, without notice of such rejection to the owner of the claim, would set the statute in motion, because there is no other way than such notice by which the owner of the claim can be made aware that his action must be commenced within six months after such rejection, or his right to bring an action will be lost. The statute does not mean by rejection merely a mental emotion, but the action of the mind must be followed by some outward act by which the owner of the claim may be apprised of the result arrived at. It has been repeatedly held that this statute, unlike the other statute of limitations, is not a statute of repose, but is rightly penal in its character, and should be strictly construed. Broderick v. Smith, 3 Lans. 27, and cases there cited."

But, in the first place, the learned court assumes what it does not show, namely, that there is no notice in law unless it is given directly to the claimant; in other words, that under no circumstances can there be any notice imputed to him, although given to his duly authorized agent. And, in the second place, if there can be such notice, then a mental act of rejection, followed by service of the formal notice thereof upon such an agent, is not a mental emotion alone, but is followed by an outward act apprising the claimant. But neither in Broderick v. Smith, supra, nor in any of the cases cited in the opinion therein, was the question now up presented. I cannot find that Van Saun v. Farley, supra, has ever been followed, and it was criticised, and practically disapproved, by the same court in Peters v. Stewart, 2 Misc. 357, 21 N. Y. Supp. 993, which, I think, states the true principle. Redfield on Surrogates (6th Ed.) § 648, says:

"The rejection may be oral or in writing, but, however expressed, it must be made to the claimant personally, or to his authorized agent. Merely filing it is not sufficient."

See, too, Jessup's Surrogate Practice (2d Ed.) p. 1033.

In Potts v. Baldwin, 67 App. Div. 434, 74 N. Y. Supp. 655, cited by the learned counsel for the appellant, the question was whether "the filing of a notice of rejection in a proceeding in the Surrogate's Court, to which the claimant was an involuntary party, obviates the necessity of bringing knowledge of the rejection of her claim home to the claimant, in order that the statute may be set running against her." And the referee says, "We might arrive at a different conclusion had the proceedings been instituted by the claimant for the purpose of compelling the payment of her claim."

The defendant had a right to presume, in the absence of all evidence or notice to the contrary, that whatever authority existed in the attorneys to receive the rejection at the time they served the claim continued. McNeilly v. Continental Life Ins. Co., 66 N. Y. 23; Insurance Co. v. McCain, 96 U. S. 84, 86, 24 L. Ed. 653. Even if it were established that the retainer of Mr. Corwin was limited merely to the preparation of the claim, so that he had no actual authority even to serve it, that fact could not affect this question under the circumstances, in the absence of all evidence that the defendant knew, or had any reason to know, such limitation. The defendant was authorized to act upon the apparent powers of the agent, not upon secret instructions of the principal to him in limitation thereof. Insurance Co. v. McCain, supra; Angell v. Hartford Fire Ins. Co., 59 N. Y. 171, 174, 17 Am. Rep. 322. The learned counsel, Mr. Corwin, testifies that he never had any knowledge of the receipt of any rejection until after the suit was begun. I have no doubt of this statement. But Mr. Corwin was not the attorney who presented the claim. It was presented by Mr. Corwin's firm, with its endorsement and its office address, and the evidence is clear that the notice of rejection was served upon the firm. There is no evidence that the plaintiff stipulated that Mr. Corwin should alone prepare the claim, and alone should serve it in his name, and therefore his retainer was, in effect, a retainer of his firm. Am. and Eng. Ency. of Law (2d Ed.) vol. 1, 978, and authorities cited. And it is immaterial, so far as this defendant is concerned, whether the plaintiff was ever informed of the receipt of the rejection of her claim. Cox v. Pearce, 112 N. Y. 637, 20 N. E. 566, 3 L. R. A. 563.

The order must be affirmed.

Order setting aside verdict and granting new trial affirmed, with costs. All concur.