cept as may be otherwise determined by the board of estimate and apportionment prior to the first day of May in the year 1902 under the provisions of § 10 thereof."

And on the same day, by chapter 436, p. 1068, the Legislature amended section 10 by adding this clause:

"Between January 1st and May 1st in the year 1902, the board of estimate and apportionment shall have power from time to time to alter, modify and amend the budget for the year 1902, to change the titles, terms and condition of appropriations contained therein; to add new appropriations, and abolish any that may be unnecessary; and also upon the recommendation of the mayor or any borough president or head of any department, bureau, office, board, or commission of the city of New York, or of any of the counties embraced therein, to fix the salaries in any of said offices, departments, bureaus, boards or commissions."

This seems to have been as broad a grant of power as human language could frame. On April 30, 1902, the board of estimate and apportionment, in accordance with the power conferred, upon the written recommendation of the coroners of the borough of the Bronx, under date of April 14, 1902, fixed the salary of their stenographer at $2,000, and he has been paid that amount ever since, and has received the same, so far as appears, without complaint up to the 1st day of March, 1905. I do not think that the petitioner was entitled to the relief granted, and the order must be reversed, with costs of the appeal, and the motion denied, with costs to appellant.

PATTERSON, INGRAHAM, and LAUGHLIN, JJ., concur.

O'BRIEN, P. J. I concur in the result for the reason that I think the further change made in the Revised Charter of 1901, and the amendment by chapter 435, p. 1067, of the Laws of 1902, operated to change the law as it stood when this court considered the question in Baker v. City, 56 App. Div. 350, 67 N. Y. Supp. 814. Under these amendments, I think that the Legislature has conferred upon the board of estimate and apportionment the power to fix the salary of stenographers upon the written recommendation of the coroners of the borough of the Bronx.

---

(109 App. Div. 293.)

In re JACOBS.

(Supreme Court, Appellate Division, Second Department.   November 24, 1905.)

1. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE—JURISDICTON OF SURROGATE.
    The surrogate has jurisdiction to pass upon the question whether a claim presented against an estate has ever been rejected by the executor.

2. SAME—DISPUTED CLAIMS—SILENCE OF EXECUTOR.
    The silence of an executor during the period intervening the filing of a claim against the estate and the filing of his accounts does not preclude him from disputing the claim.

3. SAME—EXECUTOR'S DECISION ON CLAIMS—COMMUNICATION TO CLAIMANT'S ATTORNEY.
    An executor is justified in assuming, in the absence of any thing to the contrary, that his decision as to a claim presented against the estate will be communicated to the attorney for the claimant.

4. SAME—NECESSITY OF WRITING.

  The decision of an executor on a claim against the estate need not be in writing, or in any particular form.

Appeal from Surrogate's Court, Kings County.

In the matter of the judicial settlement of the account of Samuel Jacobs, as executor of the last will and testament of Yetta Jacobs, deceased. From a decree ordering the payment of a certain claim, the executor appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Mitchell May, for appellant.

R. M. Cahoone, for respondent.

JENKS, J. I am of opinion that the allowance of the claim was error. Certainly the oral communication of the executor to Mr. O'Mally, then the attorney for the claimant, does not make for the allowance of the claim by the executor. If we disregard that communication, it then appears that the executor made no sign after the claim was presented until he filed his accounts, wherein he scheduled the claim as disputed. On the hearing of the objections filed by the claimant, the executor stated in open court that he would enter into a written stipulation, submitting the merits of the claim to the surrogate, or permitting the same to be otherwise tried. But the learned surrogate determined that the claim had never been rejected, and therefore it was allowed. While the surrogate has jurisdiction to pass upon that question (Matter of Miles, 170 N. Y. 75, 62 N. E. 1084), I think that the determination was wrong. Aside from the dealings with Mr. O'Mally, which could not, in any event, avail the claimant, such determination was necessarily based upon the failure of the executor to make any sign during the period intervening the filing of the claim and the filing of the accounts, and the disposition of the claim in the account, and the attitude of the executor upon the hearing of the claimant's objections to the account. But, first, the silence of the executor after the filing of the claim did not conclude him. The doctrine that the lapse of a reasonable time without objection made transforms an account rendered into an account stated has a much more restricted application when the claimant deals with an executor, and the Court of Appeals refused to apply it when similar inaction of an executor followed the presentation of a claim; observing, also, that the creditor must see to it that the claim is admitted or allowed, or else commence an action. Schutz v. Morette, 146 N. Y. 137, 40 N. E. 780. See, too, Matter of Callahan, 152 N. Y. 320, 325, 46 N. E. 486. Second, as to the account itself, it appears that the executor scheduled this claim as disputed. And, third, on the hearing of the objections, the attitude of the executor was that of a disputant or rejector of the claim.

I am far from prepared to hold that the communication of the executor to Mr. O'Mally, if established, was not sufficient to show that the claim was then disputed or rejected; for if Mr. O'Mally, as attorney for the claimant, had authority to present the claim, which is not now questioned, then I think that such authority, in the absence of aught to the contrary, justified the executor in assuming that his decision as

to the claim would be communicated to the attorney. Lockwood v. Dillenbeck, 104 App. Div. 71, 93 N. Y. Supp. 321. And I know of no principle or rule, and am cited to none, which requires that the decision of the executor should be in writing, or in any particular form. Jessup's Surr. Prac. (2d Ed.) p. 1033.

The decree, so far as appealed from, must be set aside, with costs. All concur.