(58 Misc. Rep. 493.)

In re SMITH.

(Surrogate's Court, Franklin County. March, 1908.)

EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE—TIME OF DETERMINATION.

Where an administrator serves on the claimant notice of rejection of his claim by mail, Code Civ. Proc. §§ 797–802, apply, and the claimant has double time or one year thereafter in which to file written consent that the claim be determined by the surrogate on the judicial settlement of the executor's accounts.

In the matter of the settlement of W. J. Smith, administrator of Charles L. Smith. Objection to jurisdiction overruled.

The facts before the surrogate are as follows: May 8, 1907, the claimant, C. P. Elliott, presented to the administrator an account against deceased for $551.33, duly verified. On May 18th, the administrator indorsed in writing on the back of said claim a rejection thereof, which appears at length in the opinion, and deposited it in the post office at Ft. Covington, N. Y., addressed to said claimant. On October 23, 1907, a written consent to have the claim of said Elliott determined by the surrogate, signed by the administrator, was filed in the surrogate's office. On November 6, 1907, a copy of said written consent, dated October 23, 1907, was served on the claimant, C. P. Elliott. On December 24, 1907, the claimant filed with the surrogate the original claim with the rejection indorsed on the back, and attached thereto the copy of the written consent of the administrator, dated October 23, 1907, served on him November 6, 1907, and a written acceptance of the consent to have the surrogate determine the validity of the claim of C. P. Elliott on the judicial accounting of the administrator. The learned counsel for the administrator object to the surrogate determining the validity of the claim, on the ground that the claim is barred by the short statute of limitations contained in section 1822 of the Code of Civil Procedure; and the surrogate has, therefore, no jurisdiction to hear the matter at all. The learned counsel for claimant answers that, the rejection having been sent by depositing same in post office, the only law for so doing is contained in sections 797 and 798 of the Code of Civil Procedure, and that, under the latter section, the claimant is given double time or 12 months to commence his action or accept the consent to have the validity of his claim settled by the surrogate.

Wells & Moore, for administrator.

C. A. Burke, for C. P. Elliott, claimant.

PADDOCK, S. The question presented is one in regard to the jurisdiction of the surrogate to determine the above claim. To arrive at this determination, the question whether the service by mail of the rejection doubles the time within which the claimant may file his consent or bring his action under section 1822 of the Code of Civil Procedure

must be first decided. It appears that the claimant presented his claim about the 8th day of May, 1907; that, on the 18th day of May, 1907, the administrator indorsed on the back of said claim, in writing, as follows:

"To Charles P. Elliott. The within bill is hereby rejected and the undersigned administrator hereby refuses to pay the same as it is illegal and unjust and he deems that it has already been paid and satisfied by the deceased some time ago.      [Signed]   W. J. Smith, Administrator.
"Dated May 18th, 1907."

He then inclosed the claim with the indorsement of rejection thereon in a postpaid wrapper, and deposited the same in the post office at Ft. Covington, N. Y., where both the claimant, Mr. Elliott, and the administrator, reside. The claim is for $551.33. The question now comes up on this state of facts as to whether the statute of limitations contained in section 1822 of the Code of Civil Procedure began to run on the 18th day of May, 1907; or did the claimant have double the time or 12 months from the 18th day of May, 1907, when the claim was deposited in the post office by the administrator. This question is squarely up before the surrogate, and is vital in determining his jurisdiction to determine the validity of the claim. The administrator subsequently, and on the 23d day of October, filed with the surrogate a written consent that the validity of the claim be determined by the surrogate upon the judicial settlement of the account of the administrator; and a copy of said consent was served upon the claimant on the 6th day of November, 1907. The claimant filed with the surrogate a written acceptance of the offer to have the surrogate determine the validity of the claim, on the 24th day of December, 1907; so that, if the service of the rejection through the post office on the 18th day of May, 1907, constituted a rejection on that day, then the six months' limitation, if it began to run on that day, had expired before the claimant filed his acceptance on the 24th day of December, 1907, and he is completely and effectually barred. The learned counsel for the claimant insists that, as the service was through the post office, the sections of the Code from 797 to 802 apply, and that, therefore, the claimant had double the time to serve his notice of acceptance or bring his action. Code Civ. Proc. § 798. If double the time shall not be applied, clearly the claimant is barred. On the other hand, if the principle of double time because of service through the post office does apply, the acceptance of the offer to have the surrogate determine its validity on the judicial accounting and filing of the notice of acceptance was in time, the claim is not barred, and the surrogate has jurisdiction. Otherwise he has no jurisdiction to hear the case at all. I must admit that, when I first considered the proposition of double time, I was opposed to that view; but, by careful examination of the cases and the sections of the Code, I am convinced that section 798 of the Code does apply, and that the claimant has the double time in which to bring his action or serve his notice of acceptance of the offer to have the surrogate adjust the validity of the claim on the judicial settlement.

Section 2538 of the Code, which is under the title 2, chapter 18, and article 1, and has for its heading, "Process, and service thereof; Appearance, and joinder of issue; Miscellaneous regulations of practice," provides that articles 3 and 4 of title 6 of chapter 8 apply to Surrogates' Courts and to proceedings therein. Title 3 of chapter 8 covers sections 796 to 809. The heading of article 3 is "Service of Papers." Section 796 provides for service of papers personally. Section 797 provides for other modes of service when it is not personal. The cases invariably hold that, when the executor or administrator desires to reject a claim, there must be decisive evidence of rejection before the statute (Code Civ. Proc. § 1822) will begin to run; that the rejection must be unequivocal; that an oral rejection to the claimant personally, or to his lawfully authorized agent or attorney, is sufficient to start the statute running; also, that the service of a written notice personally is sufficient to start the statute running; and, again, that the service of a written notice is one of the methods provided by section 797 of the Code, to wit, by leaving a written rejection at the house of the claimant with a person of suitable age and discretion, has been held to be a sufficient rejection to start the statute running. This is the only case that can be found which holds that section 797 of the Code in relation to the service of papers applies to the service of a rejection upon the claimant by an administrator or executor. Peters v. Stewart, 2 Misc. Rep. 357, 21 N. Y. Supp. 993. Service by leaving at the house is one of the subdivisions of section 797, namely, subdivision 4. Subdivision 1 of the same section provides for service through the post office. Service through the post office was the method chosen by the administrator in this case. The administrator, when he decides that he will reject a claim, has several methods of rejecting the same. He can choose between them. He can go to the claimant personally, and say to him in positive terms that he rejects the claim, and the statute will begin to run. He can give a similar notice to a messenger who brought him the claim and it will be a good rejection, and the statute will begin to run. He can serve a written notice upon the claimant personally, or he can leave it at his house, and the courts hold that either will be a good rejection and the statute will begin to run against the claimant. There is no case that we can find holding that service through the post office of a written rejection will start the running of the statute on the day on which it is deposited in the post office, but, by reasoning by analogy (under the provisions of sections 796–802, 2538, Code Civ. Proc., if service of the rejection of the claim is to be controlled by these sections, and we have authority of the Appellate Division of this state, that one provision of section 797, to wit, leaving a written notice of rejection at the house of the claimant, is legal service), we have no alternative but to conclude that service of a written rejection through the post office as provided by section 797, subd. 1, is also a legal and proper service. Service through the post office being legal service, we are then confronted with section 798, which is also applicable to proceedings in Surrogates' Courts. Code Civ. Proc. § 2538. Section 798 of the Code of Civil Procedure provides that:

"Where it is prescribed in this act  *  *  *  that the adverse party has a specified time, after notice or service, within which to do an act; if service is made through the post office, the time so required or allowed is double the time specified."

The only exceptions to the rule of doubling the time when service is made through the post office is notice of trial, which shall be 16 days, and the service of the summons, which is excepted by section 802. Section 1822 of the Code of Civil Procedure provides that, where the executor or administrator rejects a claim, unless a written consent shall be filed by the respective parties with the surrogate, that said claim may be heard and determined by him upon the judicial settlement of the accounts;  *  *  *  the claimant must commence an action  *  *  *  within six months after the dispute or rejection, or he, and all persons claiming under him, are forever barred from maintaining an action thereon." Under this section it is plain that the claimant is given six months after rejection in which to commence his action or file his consent to have the claim determined by the surrogate. The six months provided for in section 1822 is "the time" within which the "claimant must do an act" after the claim is rejected, and, in my opinion, comes clearly under the provisions of section 798 in regard to service through the post office. In other words, the rejection is not complete so that the statute will begin to run, if service is made through the post office, until six months after the rejection is deposited in the post office. If the administrator or executor chooses to send his rejection through the post office, he thereby enables the claimant to take 12 months from the date of deposit in the post office in which to bring his action or file his acceptance with the surrogate. In this case the written offer on the part of the administrator was filed with the surrogate on the 23d day of October, and served on the claimant on the 6th day of November, 1907. The filing of this notice and the serving of it on the claimant did not extend the time of the claimant to accept it, provided the service of the rejection had been personal, or in any of the other methods provided by section 796 or section 797. I can come to no other conclusion than that the service of the rejection of the claim through the post office was not complete, and the statute did not begin to run until 6 months after the date of the deposit in the post office; that is, the claimant had 12 months from the time of the deposit in the post office within which to determine his course of action. It was deposited in the post office May 18, 1907, service was complete on November 18, 1907, and the six months' limitation should be computed from the latter date, viz., November 18, 1907. I therefore hold that service of the rejection through the post office was legal service, but it was not complete till six months after the date of depositing in the post office and the statute of limitations (section 1822 of the Code of Civil Procedure) did not begin to run till the service was complete; that the acceptance of the offer to have the surrogate determine the validity of the claim, filed by the claimant on December 24, 1907, was in time and the surrogate has jurisdiction to determine the claim on its merits.

Objection to jurisdiction overruled. Decreed accordingly.