(153 App. Div. 492.)

PERSBACKER v. MURPHY.

(Supreme Court, Appellate Division, Third Department. November 13, 1912.)

1. EXECUTORS AND ADMINISTRATORS (§ 245*)—ESTABLISHMENT OF CLAIMS— ACTIONS—COSTS.

　　Under Code Civ. Proc. § 798, providing for double time when service is by mail, service by mail of an administrator's rejection of a claim against the estate does not double the time within which he may consent under section 1822 to the hearing of the claim on settlement of his accounts, and, where the claimant sued on his claim and recovered within such double time judgment, he was entitled to the costs.

　　[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 867–869; Dec. Dig. § 245.*]

2. APPEAL AND ERROR (§ 171*)—ADHERENCE TO THEORY BELOW.

　　An administrator who, in an action on a claim against the estate, admitted that the claim had been rejected, may not contend on appeal from an order refusing costs to plaintiff after he had obtained judgment

on the claim that the claim sued on was not identical with the one pre-sented and rejected.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1069, 1161–1165; Dec. Dig. § 171.*]

3. EXECUTORS AND ADMINISTRATORS (§ 257*)—ALLOWANCE OF CLAIMS—COSTS.

Under Code Civ. Proc. § 1836, authorizing the court to award costs against the executor or administrator who did not file consent to the hearing of a claim on the settlement of his accounts, the failure of an administrator. on rejecting a claim, to consent to a hearing thereon on the settlement of his accounts, gives the claimant, on recovering in an action on the claim, as absolute right to costs, provided the recovery is such as would, in an ordinary action against an individual, entitle him thereto, and the mere fact that the claim is largely reduced is immaterial in the absence of any question of unreasonable resistance by the administrator.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 920–922; Dec. Dig. § 257.*]

Appeal from Sullivan County Court.

Action by Valentine J. Persbacker against David A. Murphy, as administrator of Walter F. Murphy, deceased. From an order refusing costs to plaintiff and a certificate of the facts, plaintiff appeals. Reversed and motion granted without costs.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Frank S. Anderson, of Port Jervis, for appellant.

John D. Lyons, of Monticello, for respondent.

SMITH, P. J. Plaintiff's claim was presented to the administrator and rejected upon the 18th day of April, 1910. Upon the 15th day of October, 1910, this action was commenced, the administrator not having filed with the surrogate, pursuant to section 1822 of the Code of Civil Procedure, a consent that said claim might be heard upon the judicial settlement of the accounts of said administrator. The recovery was for upwards of $50, and plaintiff claims, therefore, to be entitled to the costs of the action. The defendant puts his objection upon three grounds: First. That the rejection of plaintiff's claim was by mail, which doubled the time for him to file his consent under section 1822. It seems to have been held in the Matter of Smith, 58 Misc. Rep. 493, 111 N. Y. Supp. 1085, that section 798 of the Code of Civil Procedure doubled the time in which to commence the action, where the service of rejection of a claim by an administrator was made by mail. This holding seems to have been approved in the Matter of Longshore, 147 App. Div. 214, 131 N. Y. Supp. 1041. It is unnecessary to determine this question in this action, because there is no question here of the statute of limitations.

[1] The only question is whether the service by mail doubled the time in which the administrator might file his consent to submit the same to the surrogate; so that an action brought before this double time was a waiver of the right to costs. Section 798 of the Code, however, doubles the time only in which an adverse party may have to act. It does not assume to double the time in which the party

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

serving by mail may himself have to perform further acts. Otherwise this administrator might by service by mail block his adversary for another six months, which was not the intention of the statute.

[2] A second objection is made that the claim upon which recovery has been had was not the same mentioned in the notice of claim. The evidence is not before us by which this objection may be judged. The complaint in the action, however, stated that the claim therein sued upon had been presented to the administrator, and had been by him duly rejected. This allegation was specifically admitted by the answer. So the administrator is not in position now to contend that the recovery is not upon a claim identical with the one presented.

[3] The third objection urged by the administrator is that the claim was largely reduced. If this were a question of unreasonable resistance by the administrator, this fact would be an important one. Under section 1836, however, irrespective of whether or not the claim was reasonably resisted, the failure to file the consent would seem to give the plaintiff the absolute right to costs, if the recovery be such as would in an ordinary action against an individual entitle him thereto. We are of opinion, therefore, that the motion was improperly denied, and that the order should be reversed, with $10 costs and disbursements, and motion granted without costs.

Order reversed, with $10 costs and disbursements, and motion granted without costs. All concur.